[Department One.—March 26, 1883.]

SARAH E. ASTON, RESPONDENT, *v.* MARGARET NOLAN, APPELLANT.

63   269
92   604

63   269
98   318

63   269
c105   57

LAND — COTERMINOUS OWNERS — LATERAL SUPPORT. — A coterminous land owner, when making excavations for the purpose of building, is not required to sustain the adjacent land upon which there has been placed a building, unless the building has been erected for a period of five years. By giving notice of his intention to excavate, and conducting the work so that the soil without the weight of the building would not have fallen, his whole duty is performed.

ID. — TORT — DAMAGES — MASTER AND SERVANT — PRINCIPAL AND AGENT. — Where a coterminous land owner contracts with one to excavate a lot for the purpose of erecting a building, and the contract is silent as to the mode of doing the work, he is not liable for damages occasioned by the acts of such person or his servants.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Jarboe & Harrison,* for Appellant.

The defendant is not responsible for any injury resulting from the negligence of Swannack, the contractor, or his servants or employees, while engaged in the excavation of her lot under an independent contract therefor with her. (*Boswell* v. *Laird,* 8 Cal. 469; *Du Pratt* v. *Lick,* 38 Cal. 691; *O'Hale* v. *Sacramento,* 48 Cal. 214; *Hilliard* v. *Richardson,* 3 Gray, 349; *Painter* v. *Pittsburgh,* 46 Pa. St. 213; *Harrison* v. *Collins,* 86 Pa. St. 153; *Barry* v. *St. Louis,* 17 Mo. 121; *Robinson* v. *Webb,* 11 Bush, 466; *Butler* v. *Hunter,* 7 Hurl. & N. 826; *Peachey* v. *Rowland,* 13 Com. B. 182.)

One person is not responsible for the act of another unless the relation of master and servant, or that of principal and agent, exists between them.

Unless the defendant had the right of selection and control of those by whose immediate act the injury resulted, she is not responsible for their acts or negligence. (Civ. Code, § 2009; *Kelly* v. *Mayor,* 11 N. Y. 436; *Potter* v. *Seymour,* 4 Bosw. 146.)

The complaint in this case is based upon the allegation that the injury resulted from the negligence of the defendant, "by her servants and employees" (fol. 10), and it is a general prin-

ciple that no person is liable for the act or negligence of another unless there be shown such relations between them as invokes the rule of *respondeat superior.* (*Pack* v. *Mayor,* 8 N. Y. 225.)

Such relation does not exist where one in the exercise of an independent calling is working for another under an independent contract, and when such contractor has the entire selection of the time, mode, and means of doing the various parts of the work contracted for. (*Linton* v. *Smith,* 8 Gray, 148; Sh. & R. on Negligence, §§ 76, 77, 81; *Forsyth* v. *Hooper,* 11 Allen, 421; *McCarthy* v. *Portland,* 71 Me. 318; *Murray* v. *Currie, Law Rep.* 6 C. P. 26; *Cuff* v. *N. & N. Y. R. R. Co.* 35 N. J. L. 17.)

*J. C. Bates,* for Respondent.

No one can escape the burden of an obligation imposed upon him by law by engaging its performance by another. (Sherman and Redfield on Neg. §§ 83, 84; Civ. Code, § 832; *Zeile* v. *Hood,* S. C. Cal. 1878, No. 5,341; *Farrand* v. *Marshall,* 21 Barb. 417. The last case has been approved in 80 N. Y. 583; 67 N. Y. 273; 57 N. Y. 77; see *Creed* v. *Hartman,* 29 N. Y. 594; *Gray* v. *Pullen,* 5 Best & Smith, 984; *Allison* v. *Western N. C. R. R. Co.* 64 N. C. 382; *Chicago* v. *Robbins,* 2 Black, 426; *Robbins* v. *City of Chicago,* 4 Wall. 678; *Lowell* v. *Boston & L. R. R. Co.* 23 Pick. 31; *City of St. Paul* v. *Seitz,* 3 Minn. 308; *City of Cincinnati* v. *Stone,* 5 Ohio St. 41; *Ellis* v. *Sheffield Gas. Con. Co.* 2 El. & B. 767.)

The principle of law involved in this case we think definitely settled by *Zeile* v. *Hood, supra.*

By examining annotated edition of Civil Code, and cases cited under section 832, and then the present amendment, it will be seen that said section was materially changed.

We think that the legal duty of taking reasonable precautions to sustain the land whereon buildings rest, is clearly prescribed and expressed by said section of Civil Code, 832.

The statute places that duty on the *owners,* and we think that the responsibility cannot be avoided by a delegation of that power to others. (See *Hilliard* v. *Richardson,* 3 Gray, 353, cited by appellants.)

McKINSTRY, J.—Plaintiff alleges in her complaint that on

a certain day she was the owner and in possession of certain "tenements and buildings" upon a lot of land described, and owner of an unexpired lease-hold interest in the lot; that defendant was the owner in fee and in possession of an adjoining lot (describing it); that the plaintiff's land "and tenements" had the lateral and adjacent support from defendant's land, and plaintiff was entitled to have such support; that defendant commenced to excavate her lot adjacent to plaintiff's "land and buildings," for the purpose of construction, "and took away the earth therefrom without leaving proper or sufficient, or any support for plaintiff's *said buildings*, as required by section 832 of the Civil Code," and prosecuted "such grading and excavation" so carelessly and negligently adjacent to said plaintiff's *buildings*, some five feet in depth below the surface of plaintiff's land, and the official grade of the street in front thereof, "as to leave said plaintiff's land and buildings and tenements thereon" without proper or sufficient support, whereby the earth on plaintiff's premises gave way, and said "house and tenements of plaintiff," etc., were destroyed, to the damage, etc. The answer denied negligence, and set up an independent contract, etc.

The complaint seems to have been drawn, and the cause tried in the court below, upon the theory that it was the absolute duty of defendant in excavating her lot to protect the *building* of plaintiff. But, as there was no objection to the complaint in the court below, and we cannot say it entirely fails to set forth a cause of action, as the evidence offered by plaintiff was admitted without opposition; as no evidence was offered by defendant tending to prove that the soil of plaintiff's lot would not have fallen in except for the superincumbent building, and as the bill of exceptions contains no specifications of insufficiency of evidence to uphold the verdict, we cannot set the verdict aside unless error occurred at the trial.

It is urged by respondent that section 832 of the Civil Code has imposed upon an adjacent land owner obligations which were not his prior to the adoption of that section. We find, however, no new duty imposed upon one intending to excavate, unless it be the duty of giving reasonable notice of his intention. The section reads: "Each coterminous owner is entitled to the lateral and subjacent support which *his land* receives from the

adjoining land, subject to the right of the owner of the adjoining land to make proper and usual excavations on the same for purposes of construction on using ordinary care and skill, and taking reasonable precautions to sustain *the land* of the other, and giving reasonable notice to the other of his intention to make such excavation."

We inquire, what was the law when the section of the Code was adopted?

"Every one has so far the right to have his own soil sustained by that of his neighbor, that the latter may not dig so near to the land of the former as to cause the same to fall into the excavation by its own natural weight. He ought to guard against such a consequence by proper care, and the application of proper means of support. The right of lateral support in such case is an incident to the land itself. In the language of Rolle: 'It seems that a man who has land next adjoining to my land cannot dig his land so near to my land that thereby my land shall fall into the pit, and for this, if an action were brought it would lie.' (2 Rolle Abr. 565.) This doctrine is recognized and sustained by Campbell, C. J., in *Humphries* v. *Broyden*, by Parker, C. J., in *Thurston* v. *Hancock*, by Ch. Walworth, in *Lasala* v. *Holbrook*, and in *Farr* and *Marshall*, which was fully and elaborately considered, and strongly sustains the above doctrine. But this right of a land owner to support his land against that of the adjacent owner does not, as before stated, extend to the support of any additional weight or structure that he may place thereon. If, therefore, a man erect a house on his own land so near the boundary thereof as to be injured by the adjacent owner excavating his land in a proper manner, and so as not to have caused the soil of the adjacent parcel to fall if it had not been loaded with an additional weight, it would be *damnum absque injuria*, a loss for which the person so excavating the land would not be responsible in damages." (2 Washburn on Real Property, 331.) Professor Washburn cites many cases in support of his views. It may be added, if the building has stood for a period of five years (in this State) before the excavation, the person who erected it has acquired a species of easement in his neighbor's land — a right to the support of his building as well as soil. No such question

as this last is presented in the case now before us. As to a house recently erected it has been sometimes said the adjacent owner will be responsible for excavating upon his own land, so as to injure or impair its foundations, if the injury results from the negligent, unskillful and improper manner in which it was done. But the question returns, what is a negligent or unskillful excavation? If the digging would not have caused any appreciable damage to the adjacent land in its natural state, it would not be the ground of an action. The owner who has dug down his land has done what he had a right to do in a lawful manner.

It would seem that by neglecting to give notice to the adjacent proprietor, as required by section 832 of the Civil Code, the person excavating his own lot would become liable for injuries caused by a caving which would not have occurred except for the superincumbent weight of his neighbor's building. This by reason of the section which requires him to give the notice. There is no averment in the complaint that defendant did not give, and there is evidence that defendant did give, the notice. It is apparent that by giving the notice a person excavating cannot relieve himself of any portion of the prudent care with which he must have conducted the work in the absence of the statutory provision requiring notice. His excavation must be such as would not have caused the soil of the adjacent lot to tumble in had it remained in its natural state—not built upon. But if he gives the notice, and so conducts the work as that the soil, without the weight of the edifice, would not have fallen, his whole duty is performed. By the giving of the notice the coterminous proprietors are relegated to their common-law rights and duties. Their duties are correlative. The object of the notice is that the owner of the building may have his attention called to the work, and if necessary shore up his wall or strengthen his foundation. If the person making the excavation must not only see to it, that the digging be such as would not have displaced or disturbed his neighbor's soil, but must protect against the burden of his neighbor's building, however great, the result must often be practically to deprive the owner of land of the right of reasonable excavation, where his lot lies next that occupied by a massive structure. The expense of

LXIII. CAL.—18

preventing the fall of the building must ordinarily increase in proportion to its size and weight.

Since the enactment of the section of the Code the rights and duties of adjoining proprietors — with reference to the matter in hand — are substantially the same as they were before, provided notice is given by the party intending to excavate.

There was evidence that the work was done by an independent contractor, who agreed with defendant to excavate, to the depth of eight feet below the level of the street, the basement for the whole of a building to extend to the line of plaintiff's lot. The contractor swore the defendant had nothing to do with the selection of any of the men employed by him to do the work. Defendant testified: " I never spoke to any person who was grading the lot in question. I never had anything to do with the property after the work was commenced."

Defendant requested the court below to charge the jury : —

" If the jury shall find that the excavation of the lot was done by persons not employed by or under the control of the defendant, and that the defendant took no part in the said work or directed the same, they will find for the defendant.

" If the jury shall find that the defendant entered into a contract with another person to do all the work necessary to construct her building, including the excavation of the lot, and that the said work and excavation was done by him under said contract without any further control or direction by the defendant, they are instructed that the defendant is not liable for any negligence on the part of such contractor, or any one under his employment."

The court refused to charge as requested, to which defendant duly excepted.

The general rule is that one person is not liable for the act of another, unless the relation of master and servant, or principal and agent, exists. It is clear that the relation of master and servant did not exist between defendant and the independent contractor, nor between defendant and the employees of the contractor. To the general rule there are exceptions, but plaintiff has not brought this case within any of them.

The owner of real estate may not relieve himself of the duties resting upon him as such by a contract, the result of which,

while being executed or when completed, must necessarily create a nuisance. (*Chicago* v. *Robbins*, 2 Black, 426; *Clark* v. *Fry*, 8 Ohio St. 358.) If the contract is such as that the necessary effect of its execution, according to its terms, is to produce the result complained of, the owner of real estate may be liable. (Cooley on Torts, 547.) And so, perhaps, if the specifications for the work must render it inherently defective. (*Boswell* v. *Laird*, 8 Cal. 469.) It has been said: " If a contractor faithfully performs his contract, and a third person is injured by the contractor in the course of its due performance, or by its result, the employer is liable, for he causes the precise act to be done which occasions the injury; but for the negligence of the contractor not done under the contract, but in violation of it, the employer is not in general liable." (Seymour, J., in *Lawrence* v. *Shipman*, 39 Conn. 589.) Of course the word " employer " is here used to designate the owner of the property or person contracting with the independent contractor by whom the injury is done.

In the case before us the contractor agreed to excavate defendant's lot, a thing of itself lawful. The mode and manner of doing the work was not expressly agreed upon; there was no inherent defect in a stipulated plan; the work would not necessarily create a nuisance. It is contended by respondent that it was the duty of defendant to insert in the contract an express term, to the effect the work should be so conducted and finished as not to disturb the soil of the adjacent lot, and that in default of such express provision the defendant is liable, because the work was done in accordance with the contract. But when a contract provides for doing a thing which may be, and generally is, done in a lawful manner, and is silent as to the mode of doing it, the contract is to be construed as requiring it to be done in a lawful manner. As the injury was caused by the contractor while doing work which, it must be assumed, could have been done without causing it, and the contractor had agreed so to do it, the injury was done in violation of his contract. The defendant was entitled to a charge to the jury that she was not liable if the damages were produced by the act of an independent contractor, or *his* servant.

Judgment and order reversed and cause remanded for a new trial.

Ross, J., concurred.

McKee, J.—I concur.  To the lateral and subjacent support which adjoining lands receive from each other the coterminous owners of such lands are entitled, subject, however, to the right of each to make excavations on his own land for construction. But the coterminous owner who exercises this right is bound by law to notify the owner of the adjacent land of his intention to excavate; he is also bound to take such precautions as will sustain the land of the other, and to use care and skill in excavating so as to prevent injury being done to the support of the adjacent land.   More than that is not required of him; he is not bound to prop up a building on the adjacent land which the owner has built near the dividing line.  A man who has built adjoining his neighbor's land ought to foresee the probable use by his neighbor of the adjoining land, and by convention with his neighbor, or by a different arrangement of his house, secure himself against future interruption.   "This," says the Supreme Court of Massachusetts, in *Thurston* v. *Hancock,* 12 Mass. 220, "seems to be the result of the cases anciently settled in England upon the subject of nuisance, or interruption of privilege and easements, and it seems to be as much the dictate of common sense and sound reason as of legal authority."   (See also *Panton* v. *Holland,* 17 Johns. 92; *Radcliff* v. *Mayor,* 4 Comst. 201; *McGuire* v. *Grant,* 1 Dutch. 362.)

This common-law doctrine has not been changed by section 832 of the Civil Code.   By its terms the section limits the right of the coterminous owner to the lateral support which his *land* receives from the adjacent land.   The section is, therefore, nothing more than a statutory form of expression of the rule that had been, previous to the adoption of the Code, judicially declared to be the law.