[No. 15545.   Department Two.—December 10, 1894.]

## ANNIE GREEN, APPELLANT, *v.* PETER A. BERGE, DEFENDANT, AND ALBERT E. BUCKMAN, RESPONDENT.

APPEAL—SERVICE OF NOTICE—CODEFENDANT NOT AN ADVERSE PARTY.— Where judgment is rendered against one defendant and in favor of another defendant against the plaintiff for costs, the notice of appeal by the plaintiff from the judgment rendered against him need not be served upon the codefendant against whom the judgment was rendered in appellant's favor, as the appeal cannot result in a modification of such judgment, and such codefendant is not an adverse party to the appeal, which can in no way affect his liability.

ID.—DEFINITION OF ADVERSE PARTY.— An adverse party to an appeal means the party whose interest in relation to the subject of appeal is in conflict with the reversal of the order or decree appealed from, or the modification sought for by the appeal.

COTERMINOUS PROPRIETORS—RIGHT OF LATERAL SUPPORT.—A landowner has an interest in the adjoining land for a lateral support of his soil, which interest is a limitation upon the rights of the adjoining proprietor, and whoever deprives him of this support of his land, otherwise than as the statute has prescribed, performs an unlawful act.

ID.—JOINT WRONGDOERS—LIABILITY OF CONTRACTOR AND OWNER.—All who unite in depriving the landowner of his interest in adjoining land for the lateral support of his soil are wrongdoers, and a contractor who contracts for excavating a lot without provision for supporting the land of the adjoining lot is jointly liable with the landowner who causes the

excavation to be made for damages caused by the falling of the soil of
the adjoining owner for want of support, notwithstanding the soil did
not fall until after the contract was completed, and the grading of the
lot accepted by the owner of the graded lot.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco.

The facts are stated in the opinion.

*Alexander D. Keyes*, for Appellant.

A coterminous owner of land has the right to lateral
support for his land, and if such support is withdrawn,
and the land by its own natural weight give way and
fall, a cause of action accrues to the owner of such land.
(*Aston* v. *Nolan*, 63 Cal. 269; *Conboy* v. *Dickinson*, 92 Cal.
600; *Sullivan* v. *Zeiner*, 98 Cal. 346.) The fact that
Buckman was not the owner of the property does not
relieve him from the liability for depriving the plaintiff
of the lateral support of the land, as any one who
deprives the land of its natural support is liable there-
for. (12 Am. & Eng. Ency. of Law, 937; *Gilmore* v.
*Driscoll*, 122 Mass. 199; 23 Am. Rep. 312; *Angus* v.
*Dalton*, L. R. 6 App. C. 740; *Buskirk* v. *Strickland*, 47
Mich. 389; *Humphries* v. *Brogden*, 12 Ad. & E., N. S.,
739; *Foley* v. *Wyeth*, 2 Allen, 131; 79 Am. Dec. 771;
*McGuire* v. *Grant*, 25 N. J. L. 356; 67 Am. Dec. 49;
*Mamer* v. *Lussem*, 65 Ill. 484; *Aston* v. *Nolan*, 63 Cal.
269.) The objection that Buckman, having been em-
ployed by Berge, owed no duty to the plaintiff, has no
force. If Buckman was a wrongdoer it is no defense
to him that some one else is also a wrongdoer and
directed him to commit the wrong. (*Brownell* v. *Fisher*,
57 Cal. 150; *Gilmore* v. *Driscoll*, 122 Mass. 199; 23 Am.
Rep. 312; Mechem on Agency, sec. 571; *Bell* v. *Josselyn*,
3 Gray, 309; 63 Am. Dec. 741; *Osborne* v. *Morgan*, 130
Mass. 102; 39 Am. Rep. 437.) The fact that the dam-
age occurred after Buckman's work was completed does
not relieve him from liability, no intervening cause for
such damage being shown. (*Nicklin* v. *Williams*, 10

Exch. 259; Mechem on Agency, sec. 182; *Conboy* v. *Dickinson*, 92 Cal. 600; *Gilmore* v. *Driscoll*, 122 Mass. 199; 23 Am. Rep. 312.) An action of this character does not depend upon negligence. (*Gilmore* v. *Driscoll*, 122 Mass. 199; 23 Am. Rep. 312; *Foley* v. *Wyeth*, 2 Allen, 131; 79 Am. Dec. 771; *Carlin* v. *Chappel*, 101 Pa. St. 348; 47 Am. Rep. 722; *Angus* v. *Dalton*, L. R. 4 Q. B. D. 204; *Humphries* v. *Brogden*, 12 Ad. & E., N. S., 739; *Hay* v. *Cohoes Co.*, 2 N. Y. 159, 162; 51 Am. Dec. 279; *Richardson* v. *Vermont Central R. R. Co.*, 25 Vt. 465; 60 Am. Dec. 283.) Even if the action does depend upon negligence, an omission to supply an adequate artificial support, in place of the natural support that is taken away, amounts to negligence. (*Jones* v. *Wagner*, 66 Pa. St. 429; 4 Am. Rep. 385; *Yandes* v. *Wright*, 66 Ind. 319; 32 Am. Rep. 109; *Aston* v. *Nolan*, 63 Cal. 269; *Conboy* v. *Dickinson*, 92 Cal. 600.) The defendant Berge is not an adverse party to the appellant in this appeal, and it was not necessary to serve notice of appeal upon him. (*Senter* v. *De Bernal*, 38 Cal. 637; *Randall* v. *Hunter*, 69 Cal. 80; *Jackson* v. *Brown*, 82 Cal. 275; *Hinkel* v. *Donohue*, 88 Cal. 597.)

*J. C. Bates*, for Respondent.

The appeal should be dismissed because of the failure of plaintiff to serve notice of appeal upon both of the defendants. (*Harper* v. *Hildreth*, 99 Cal. 265; *Roby* v. *Colehour*, 146 U. S. 159.) It was lawful for Mr. Berge to grade his lot as he did for building purposes, upon giving proper notice to coterminous owner, and doing the work with due care. (Civ. Code, sec. 832; *Aston* v. *Nolan*, 63 Cal. 273-75; *First Nat. Bank* v. *Villegra*, 92 Cal. 96; *Foley* v. *Wyeth*, 2 Allen, 133; 79 Am. Dec. 771; *Gilmore* v. *Driscoll*, 122 Mass. 199; 23 Am. Rep. 312.) The obligation of using ordinary care and skill, and taking reasonable precautions to sustain the land of the other (Civ. Code, sec. 832), rests entirely on the owner, and that duty he cannot escape from, even if an independent contractor is employed to do the work.

(*Colgrove* v. *Smith*, 102 Cal. 220 ; *Hillard* v. *Richardson*, 3 Gray, 353; 63 Am. Dec. 743.)

TEMPLE C.—This appeal is from a portion of the judgment upon the judgment-roll.

The action was brought to recover damages for excavating upon a lot, adjoining plaintiff's lot, so negligently that the ground constituting a portion of plaintiff's lot fell into the excavation of its own weight.

Berge was the owner of the lot upon which the excavating was done, and Buckman performed the work under a contract.

The case was tried without a jury, and, among other facts, the court found that on the 14th of May, 1891, Berge entered into a contract with Buckman in writing, whereby for a stipulated price Buckman agreed to grade his lot. That in the contract nothing was said in regard to the duty of supporting the bank towards plaintiff's lot. That Buckman performed the work to the satisfaction of Berge, and in all respects in a careful, skillful, and workmanlike manner.

That the work was completed on the fourteenth day of August, 1891, and on that day was accepted by Berge, who then gave Buckman a writing, in which he stated that the work was done to his satisfaction.

That Berge did not, after the completion of the work, provide for any lateral support to plaintiff's land, which by the excavation had been deprived of its natural support.

That in the month of December a great part of the earth of plaintiff's lot, solely by its own weight and by reason of its said lack of lateral support, gave way, and fell into the excavation, to the injury of plaintiff in the sum of one thousand dollars.

Thereupon, the court gave judgment in favor of plaintiff against Berge for one thousand dollars, but also ordered judgment in favor of Buckman against plaintiff for his costs.

Plaintiff appeals from that part of the judgment

which is in favor of Buckman, and now contends that upon the findings she is entitled to a joint judgment against both defendants for the amount of damage found by the court.

1. Respondent makes a preliminary objection to the jurisdiction of this court to entertain the appeal, on the ground that the notice of appeal was not served on the codefendant of appellant.

"An appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same or some specific part thereof. and serving a similar notice on the adverse party or his attorney." Is appellant's codefendant an adverse party? The appeal cannot result in a modification of the judgment against him. If the appeal be successful, the only possible result would be either that a new trial would be awarded as to the appellant, or a joint judgment would be entered against both defendants in lieu of the present judgment against Berge. This would in no way affect the liability of Berge upon the judgment, though it might give him the advantage of a codefendant. This is not an adverse interest.

This question was decided in *Senter* v. *De Bernal*, 38 Cal. 637, where it was said, quoting from *Thompson* v. *Ellsworth*, 1 Barb. Ch. 627: " The adverse party . . . . means the party whose *interest* in relation to the subject of appeals is in *conflict* with the *reversal* of the order or decree appealed from, or the modification sought for by the appeal."

This case has been often referred to with approbation since, and indeed it would be difficult to reach any other conclusion.

2. It is contended by the respondent—and this appears to be the view taken by the lower court—that the duty of sustaining the land of the adjoining owner rested upon the lotowner, who caused the natural support of the land to be removed. That Buckman had a right to presume that Berge would perform his duty.

He undertook to do a part of the work only, and there was nothing unlawful in what he did. If there was any thing unlawful it was on the part of the lotowner who did the excavating, but did not take measures to support the adjoining land. The land did not cave in until the work had been completed and accepted. The lotowner could then have added the support, and Buckman had a right to presume he would do so. It was found that the work was done in a careful manner, and that there was nothing in the mode of doing the work which increased the liability of the land to slide into the excavation.

This view seems plausible, but stated in another way it does not have that appearance. Buckman removed the natural support of the soil. This support was an incident to plaintiff's ownership. It was not lawful to do this except by the owner of adjoining land, nor then except by taking reasonable precautions to sustain the land. (Civ. Code, sec. 832.) No such precautions were taken, and the work was therefore unlawful, and caused the injury.

The authorities sustain this view. In *Dalton* v. *Angus*, 6 L. R. App. C. 740, the Lord Chancellor said : " The action was brought by reason of the falling of the plaintiff's house through the excavation of the adjoining land of the commissioners in the course of certain work, executed for them by the appellant, Dalton, under a contract, and for Dalton by subcontractors. The commissioners disputed their liability for the acts of Dalton, and Dalton disputed his liability for the acts of his subcontractors. The same point arose under very similar circumstances in *Bower* v. *Pete*, 1 Q. B. Div. 321, and was decided adversely to the contention of appellants. It follows from that decision (as to the correctness of which I agree with both the courts below) that, if the plaintiffs are entitled to recover at all, they are entitled to recover against both the commissioners and Dalton."

In *Aston* v. *Nolan*, 63 Cal. 269, the work of excavating was done under a contract similar to the contract in this

case. That is, it was a contract for excavating which contained no provisions in regard to supporting the land of the adjoining lot. It was held that the contractor was liable, and that since the contract implied that the work should be done in a lawful manner, that is, in taking reasonable care to support the earth of the adjoining lot, that the owner of the lot was not liable. Some would be disposed to question that decision so far as it holds that the lotowner could thus relieve himself from the duty he owed to his coterminous owner. That point, however, is not involved here. The case is authority for the proposition that the contractor is responsible.

Independently of the statute the adjoining lotowner who caused the excavation to be made would be responsible for any damage which might result, irrespective of the question of negligence in making the excavation. (*Gilmore* v. *Driscoll*, 122 Mass. 199; 23 Am. Rep. 312; *Foley* v. *Wyeth*, 2 Allen, 131; 79 Am. Dec. 771; *Carlin* v. *Chappel*, 101 Pa. St. 348; 47 Am. Rep. 722; *Richardson* v. *Vermont Central R. R. Co.*, 25 Vt. 465; 60 Am. Dec. 283.)

Here the only neglect necessary to give a cause of action is the neglect to furnish the support required by the statute (*Aston* v. *Nolan*, 63 Cal. 269; *Conboy* v. *Dickinson*, 92 Cal. 600), and, of course, to make the excavation otherwise must be negligence.

A landowner has an interest in adjoining land for the lateral support of his soil. This is a limitation upon the rights of landowners. Whoever deprives him of this support for his land, otherwise than as the statute has prescribed, performs an unlawful act. The general rule is that all who unite in such acts are wrongdoers, and are responsible in damages. Respondent knew, or should have known, that to make the excavation without supplying the support was unlawful. Having participated in it, he cannot avoid responsibility by pleading that he did the work under a contract.

Except the case of *Aston* v. *Nolan*, 63 Cal. 269, all the

authorities I have been able to find hold that the land-owner who causes such an excavation to be made cannot relieve himself of responsibility by any contract he could make. Cooley, in his work on Torts, speaking of the exceptions to the rule that the master is not liable for the negligence of an independent contractor, or the servants of such contractor, says: "He must not contract for that, the necessary or probable effect of which would be to injure others, and he cannot by any contract relieve himself of duties resting upon him as owner of real estate, not to do or suffer to be done upon it that which will constitute a nuisance, and, therefore, an invasion of the rights of others."

In a note to this he cites the case of such an excavation as an instance.

But admitting that *Aston* v. *Nolan*, 63 Cal. 269, goes too far, I do not see how that will relieve Buckman. It makes it a case where both are wrongdoers and both responsible.

I think the judgment should be modified so as to make it a joint judgment against both defendants.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified so as to make it a joint judgment against both defendants.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.

Hearing in Bank denied.