[Civ. No. 5801. First Appellate District, Division Two.—June 1, 1927.]

GEORGE CLARK SARGENT et al., Appellants, v. JULIUS P. JAEGLING et al., Respondents.

[1] REAL PROPERTY—ADJOINING LAND OWNERS—LATERAL SUPPORT— BASIS OF RIGHT.—The right of lateral support of land in its natural state is a natural one and is not an easement. It does not rest in grant express or implied, but is one of the owner's enjoyments of property incident to ownership; and, so far as it may be said to be a right in land, it is a right in the supported land and not in the supporting land.

[2] ID. — COMMON-LAW RULE — EASEMENTS — CONSTRUCTION OF CIVIL CODE. — The common-law rule as to lateral support was not changed or enlarged by section 832 of the Civil Code; and this right is not one of the easements or servitudes permitted or enumerated by sections 801 and 802 of the Civil Code, but these sections do include in the enumeration of easements the right of receiving *more* than natural support from adjacent land, which emphasizes the exclusion of the ordinary right of support.

[3] ID. — TITLE — CLAIM OF INTEREST IN ADJOINING LAND — LATERAL SUPPORT—ACTIONS—QUIETING TITLE.—A land owner, because of a right to lateral support of his land in its natural state, does not have such an interest in the title of the adjoining land as will support an action to quiet title to an interest therein.

(1) 1 C. J., p. 1212, n. 8.   (2) 1 C. J., p. 1212, n. 9.   (3) 32 Cyc., p. 1329, n. 68.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

1. Right to lateral support from adjacent land, notes, 66 Am. Dec. 646; 29 Am. Rep. 339; 33 Am. St. Rep. 446. See, also, 1 Cal. Jur. 406; 1 R. C. L. 380.

The facts are stated in the opinion of the court.

George Clark Sargent, *in pro. per.*, for Appellants.

August L. Fourtner for Respondents.

KOFORD, P. J.—Plaintiffs appeal from a judgment following an order sustaining defendants' demurrer to their amended complaint without leave to amend. The complaint purports to state a cause of action to quiet title and deals with the rights of adjoining land owners.

The allegations in the complaint are as follows: Plaintiffs are the owners of a twenty-five foot sand lot on Lake Street designated as lot A. Defendants own the twenty-five foot sand lot called lot B, immediately east and adjoining lot A. No buildings have ever been erected on either lot. Plaintiffs, as owners of lot A, have "an interest" in lot B to the extent of a right defined by specifications of plaintiffs' rights as abutting land owners to defendants. In stating defendants' alleged adverse claim the complaint alleges that defendants "claim that these plaintiffs have no right of any kind in said parcel B and that they, said defendants, own said parcel B free and clear of all interest of the plaintiffs *therein* to said lateral and subjacent support and abutment right."

The prayer is that it be decreed that plaintiffs or their successors have a perpetual right in parcel B to the extent of lateral and subjacent support of the soil of A by the soil of B and a right therein as an abutment for parcel A, that in case defendants remove any portion of B furnishing support to A that said defendants or their successors in interest will be under the duty of simultaneously and permanently supporting the soil of lot A in its present and natural state, etc., and for such other relief as may be just and in accordance with law.

The complaint also alleges: That within two years last past the defendants have permitted excavations to be made, not on B, but on the lot east of B, whereby the surface of B has caved off in such a manner that in one place the easterly line of natural level of A has receded one foot six inches, depth not stated. That by reason of the passage of persons over said parcels A and B and by reason of

the action of the elements, the easterly line of the natural surface level of A will continue to be broken down, etc. Appellants disclaim any desire to sue for damages for tort and so we need not point out the insufficiency of the complaint in that respect. But it should be noticed in passing that defendants are not charged with having excavated their own lot, but with permitting the land owner on their east side to excavate that lot.

Respondents state that a *lis pendens* was filed against lot B by appellants. The record does not show it, but the complaint is of a nature to indicate that such might be done. It is apparent that plaintiffs claim an interest in lot B. They do not seek to quiet title to their own lot, but to their neighbors' lot.

Conceding them all the rights due them as land owners adjoining defendants' land B, nevertheless they have no interest in the title to lot B. [1] The right of lateral support of land in its natural state is a natural one and is not an easement. It does not rest in grant express or implied, but is one of the owner's enjoyments of property incident to his ownership. (*Humphries* v. *Brogden*, 12 Ad. & E. (N. S.) 739 [64 E. L. R., 738]; *Solomon* v. *The Vintners' Company*, 4 Hurl. & N. 585 [157 Eng. Rep. 970]; Gale on Easements, chap. VI; Tiffany on Real Property, 2d ed., secs. 335, 345, 346.) So far as it may be said to be a right in land it is a right in the supported land not in the supporting land. (4 Harvard Law Review, 15; 13 Harvard Law Review, 664, 665, 667.)

[2] The common-law rule was not changed or enlarged by the adoption of Civil Code, section 832. (*Sullivan* v. *Zeiner*, 98 Cal. 346 [20 L. R. A. 730, 33 Pac. 209].) This right is not one of the easements or servitudes permitted or enumerated by Civil Code, sections 801 and 802. These sections, however, do include in the enumeration of easements the right of receiving *more* than natural support from adjacent land. (Civ. Code, sec. 801, subd. 13.) This emphasizes the exclusion of the ordinary right to support. It is in accord with the common law that the right to the support of a building could be acquired by grant or prescription, but not the right to the support of land in its natural state.

[3] Appellant cites two California cases which refer to this right as an incident to the land or to the plaintiffs'

ownership, *Green* v. *Berge,* 105 Cal. 52, 57 [45 Am. St. Rep. 25, 38 Pac. 539] ; *Aston* v. *Nolan,* 63 Cal. 269, 272. The expression has even been used that a land owner has an interest in the adjoining land for lateral support of his soil. This expression is not to be understood as a declaration that he has an interest in the *title* to his neighbor's land. While the right is an incident to the ownership of land it is an incident to one's own land, not his neighbor's. It is his right to enjoy his own land free from trespass and injury.

We conclude that the demurrer was properly sustained.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 28, 1927.