[Civ. No. 7204. Third Dist. Sept. 25, 1946.]

M. L. McIVOR et al., Respondents, v. MERCER-FRASER COMPANY (a Partnership) et al., Appellants.

Nelson & Ricks, Howard P. Noyes and Gerald Wallace for Appellants.

Irwin T. Quinn for Respondents.

PEEK, J.—Plaintiffs and defendants are adjoining land-owners in the city of Eureka. Appellants' property up to the time of the commencement of the within action was being used for the excavation of dirt and gravel while plaintiffs' property was and is improved with a small house where said parties reside, and a garage containing a bedroom and bath.

Shortly after defendants began excavating their property plaintiffs protested to them and also to the City Council of Eureka that the manner in which the work was being done endangered their property. Defendants ignored plaintiffs' protest as well as the written notice given by the city attorney of the city of Eureka pursuant to instructions of the city council, and continued with their excavation work, whereupon plaintiffs filed this proceeding.

By their amended complaint plaintiffs allege four causes of action: The first is for damages based on the alleged fact that

appellants willfully excavated up to respondents' lands without regard to proper sloping and without providing for adequate lateral support to plaintiffs' property; that the excavation was not made for the improvement or benefit of defendants' premises; that it was not a proper or usual excavation under section 832 of the Civil Code; that it has caused sloughing off of a portion of respondents' land, and deprived them of the use of a 5-foot strip on and along their lot; that said excavation creates a hazardous condition for anyone using the garage which is located near the edge of said pit; that the city authorities through the city attorney notified appellants that they could not excavate further without erecting a proper retaining wall, but that appellants willfully refused to desist or put in any support in accordance therewith.

Plaintiffs' second cause is based on the alleged willful violation by appellants of a city zoning ordinance (Ordinance No. 2230-A of the city of Eureka) prohibiting the use of property for purposes other than those specified therein, except upon permission of the city authorities, declaring it to be a public nuisance to so use the same without a special permit authorizing such use, and designating the district herein involved as an "Interim Multiple Family District"; that appellants did not seek or secure such a permit; that because of such unauthorized use of their land they have created an unsightly and dangerous hole next to plaintiffs' lot, and have left a high perpendicular and dangerous bank there, thereby rendering plaintiffs' premises undesirable and unsuitable as a place of residence; that said acts have caused plaintiffs' premises to become valueless or greatly depreciated in value, and have caused a sloughing off of a portion of their property into the excavation, the corner of the garage to be struck and damaged by defendants' steam shovel in removing said dirt, and the ground near the excavation to settle, resulting in injury to the hedge and trees growing along the boundary; that plaintiffs further have been deprived of the use of a strip of land about five feet wide along said excavation, and that the ground next to said excavation cannot be worked or disturbed because of the great danger of causing a slide.

Plaintiffs' third cause is predicated upon the alleged nuisance created by the violation of said city ordinance.

The last cause of action charges a violation of the Building Code of the city of Eureka, being Ordinance No. 2215, which

requires retaining walls to be used when excavations of 12 feet or more are made.

Each count concludes with a prayer for damages in the sum of $3,000, for plaintiffs' costs of suit, and for equitable relief.

The case proceeded to trial before a jury which found for plaintiffs and assessed their damages in the sum of $1,000, and it is from the judgment entered in accordance therewith that defendants have appealed to this court.

Appellants first complain of the action of the trial court in admitting and refusing to strike certain evidence that the making and maintenance of the excavation caused excessive dust and dirt to be cast or blown upon the property of respondents, to their great discomfort and damage. Appellants characterize this evidence as a showing of special damage which could not be made unless pleaded. However, the court specifically denied respondents' request to amend their pleading in this respect, being apparently of the opinion that the damage due to dust and dirt was a natural and necessary consequence of the acts complained of and therefore did not need to be specially pleaded. With this conclusion we agree. (39 Am.Jur. § 142, p. 405, and see *Green* v. *General Petroleum Corp.*, 205 Cal. 328, 337 [270 P. 952, 60 A.L.R. 475].)

Since the trial court was in a better position than are we to determine the preliminary question of fact, having viewed the premises and received the testimony on condition that it would be stricken if improperly admitted, and since the inference which the court drew and the conclusion which it reached are reasonable in the light of all the surrounding circumstances, its action may not be disturbed by this court on appeal.

Appellants, without citation of authority, advance the novel proposition that the trial court erred in excluding evidence that after the excavation had been made and the respondents had protested, appellants offered to purchase respondents' property at its cost or the market price thereof, and thus "make them whole." Had the trial court permitted appellants to make such a showing it would have allowed them to take advantage of their own wrong, contrary to settled principles. (Civ. Code, § 3517.) If appellants' theory were sound, one who coveted his neighbor's property could force a sale of the same by the simple expedient of injuring such property or impairing the enjoyment thereof and cause the

owner to sell or forego all right to damages by tendering to the owner the cost of said property to him or the market value thereof. This of course cannot be the law.

■ Appellants also assign error with respect to certain instructions given and refused. They complain of the giving of an instruction requiring the excavator to provide an adequate degree of slope for the protection of the adjacent property, on the ground that one of their witnesses testified that the slope of the walls on this excavation was proper; but they fail to take into account the fact that other witnesses testified to the contrary. Since there is evidence to support the instruction and it is within the issues and in accord with respondents' theory of the case, and since it likewise correctly states the law (*Conboy* v. *Dickinson*, 92 Cal. 600, 605 [28 P. 809]; *Wharam* v. *Investment Underwriters*, 58 Cal.App.2d 346, 350 [136 P.2d 363]; *Harper Co.* v. *De Witt etc. Co.*, 115 Cal.App. 15, 19, 20 [300 P. 839]), the giving of such instruction was neither erroneous nor reversible error.

■ Appellants next assail the ruling of the trial court in refusing to give defendants' requested instructions numbered 10 and 13, dealing with the failure of an excavator to give the prescribed notice of his intention to excavate and particularly of his intention to excavate beyond the depth of 12 feet. It is appellants' theory that notice was not required because the respondents had actual knowledge of the making of the excavation. The trial court did not err in refusing to charge the jury as requested. The giving of advance notice to a property owner of the creation of a proposed excavation on adjoining property is a substantial and not merely formal requirement of the statute. (Civ. Code, § 832; *Wharam* v. *Investment Underwriters, supra,* at pages 349-350.) Information as to the depth and extent of the excavation may be necessary to afford the landowner an opportunity to protect his premises. The text authority cited by appellants on this point does not announce a different rule. (See 2 C.J.S. § 13, p. 13.) In addition to certain language quoted by appellants, said authority declares:

''Knowledge which renders notice unnecessary must be such as a lawful notice would impute, and mere knowledge that the work is going on is not in itself sufficient in the absence of the knowledge of proximity of the excavation and its intended extent and depth.

''A landowner's notice of an intention to excavate should

give the adjoining owner full knowledge of the intended excavation in time and at a time to enable the adjoining owner to take the necessary measures to protect his property, and where the excavation is actually deeper or is conducted in a different and more dangerous manner than stated in the notice, the notice is insufficient.'' (2 C.J.S. § 13, p. 14.)

Appellants likewise urge that they should have had the benefit of their proposed instruction number 11, which charged in effect that if the excavation was made in a prudent manner, and there was no sliding away of respondents' lands, the jury must find for defendants. This instruction would not have been appropriate under the situation presented in this case. The record discloses evidence that appellants were guilty of willfully creating and maintaining a dangerous and deleterious condition on their premises, thereby substantially impairing the use and enjoyment of respondents' adjoining premises. It was not necessary for respondents to show actual physical damage to their property. (*Dauberman* v. *Grant*, 198 Cal. 586, 590 [246 P. 319, 48 A.L.R. 1244] ; *Judson* v. *Los Angeles Suburban Gas Co.*, 157 Cal. 168, 172 [106 P. 581, 21 Ann.Cas. 1247, 26 L.R.A.N.S. 183].) The deprivation by defendants of plaintiffs' right to enjoy their property to the full constituted a partial eviction. (*Green* v. *General Petroleum Corp, supra,* at page 337.) The fact that it was only partial does not deprive respondents of their right of action. As the court stated in *Judson* v. *Los Angeles Suburban Gas Co., supra,* at page 172: '' 'It is surely no justification to a wrongdoer that he takes away only one twenty-eighth of his neighbor's property, comfort or life.' ''

Neither was the trial court in error in refusing to give appellants' proposed instruction number 15 stating that the city zoning ordinance does not apply to excavating unless such excavating is done for the purpose of erecting a building. The ordinance prohibits any nonconforming use of the premises without a permit, and quarrying for earth and sand under the circumstances herein may properly be said to be a nonconforming use. It is industrial activity as distinguished from residential. The ordinance does not purport to deprive appellants of the use of their premises, but merely to regulate that use ''for the benefit of the working and living conditions of its people and for planned relationship to the existing environments of the city.'' The violation of the provisions of said

ordinance constituted an actionable wrong against each member of the community for whose particular welfare the ordinance was enacted (*Sapiro* v. *Frisbie*, 93 Cal.App. 299, 309-310 [270 P. 280]), and created a public nuisance remediable at the suit of persons specially injured thereby, such as respondents have shown themselves to be (*Gould & Kane, Inc.* v. *Valterza*, 37 Cal.App.2d 678, 681 [100 P.2d 335]).

 Appellants again advert to the question of damages from dust and dirt deposited on respondents' premises by reason of the excavation, complaining of the fact that the court approved and gave an instruction including this as an item of damage. What we have heretofore said on this subject likewise disposes of this objection.

In any event, any error in the rulings connected with this matter would have been harmless, as there was ample evidence to sustain the amount of the award without recourse to this particular item of damage. Furthermore, in addition to the substantial damages shown, respondents were entitled to exemplary damages under the case made by the pleadings and proof. (*Barnes* v. *Berendes*, 139 Cal. 32, 38 [69 P. 491, 72 P. 406]; 20 Cal.Jur. § 55, pp. 331-332; 39 Am.Jur. § 137, p. 399.)

Finally, appellants contend that the evidence was insufficient to support the verdict and judgment, and that such verdict was the result of passion and prejudice. Their argument on this branch of the case emphasizes the rights of a landowner in the use of his property but fails to recognize the correlative duties he owes to other owners in the district (*Sapiro* v. *Frisbie, supra*, at pages 305-309), and more particularly to an adjoining landowner (*Pacific Gas & Elec. Co.* v. *Scott*, 10 Cal.2d 581, 585 [75 P.2d 1054]). Likewise, it fails to take into consideration the fact that mere apprehension of injury from a dangerous condition may constitute a nuisance where it interferes with the comfortable enjoyment of property (46 C.J. § 50, p. 680), and that the injured party need not seek an abatement of the nuisance but may sue for damages (*Cushing-Wetmore Co.* v. *Gray*, 152 Cal. 118, 119-120 [92 P. 70, 125 Am.St.Rep. 47]). In view of the circumstances disclosed by the record herein, such contention appears to be without foundation.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.