J. J. Du PRATT, Respondent, *v.* JAMES LICK, Appellant.

DAMAGES FOR PERSONAL INJURIES THROUGH NEGLIGENCE.—When the owner of fixed property, requiring repairs, employs a contractor to do the entire work with his own means and by his own servants, he is not responsible for personal injuries to third persons occurring through negligence in the performance of the work.

IDEM.—Responsibility for injuries in such cases is upon him who has the contract and management of the work; and unless the relation of master and servant exists between the owner and the person through whose negligence the plaintiff sustained his injury, the doctrine of *respondeat superior* does not apply.

APPEAL from the District Court of the Twelfth District, City and County of San Francisco.

The case is stated in the opinion.

*Barstow & Garber*, for Appellant.

*E. A. Lawrence*, for Respondent.

SANDERSON, J., delivered the opinion of the Court:

This is an action to recover damages for personal injuries sustained by falling through a sidewalk into the area underneath, in the city of San Francisco; which sidewalk was in front of the property of the defendant, and was being repaired at the time; it being alleged that the repairs were being made by the defendant negligently, and in such a manner that the plaintiff, who was passing that way, fell through the sidewalk, without any fault on his part.

It was contended at the trial, on the part of the defendant, that the repairs were not being made by him or his ser-

vants, but by persons who were in no wise subject to his orders, or under his control, and who were the servants of one Farrell, who was doing the work, as alleged, under a contract with him, as a *contractor*, and not as a *servant*, and this he was proceeding to prove, when the plaintiff objected. Upon what ground is not stated, but it is presumed that it was upon the ground that, if true, the defendant's liability would be unaffected thereby. The Court sustained the objection, and the defendant excepted.

The Court also charged the jury that the defendant could not relieve himself from responsibility by showing that the repairs were being made by a *contractor* and not by himself or his servants, to which the defendant also excepted.

Of these rulings the defendant predicates error.

The question presented by these exceptions is not an open one in this Court. In *Boswell* v. *Laird* (8 Cal. 469), it was most elaborately argued by counsel, and considered by the Court, and it was held, after a review of all the cases, that the responsibility in cases of this character is upon him who has the control and management of the work; or, in other words, that the doctrine of *respondeat superior* has no application where the relation of master and servant does not exist; that unless the relation of master and servant exists between the defendant in an action of this character and the person through whose negligence the plaintiff sustained his injury, the very reason upon which the doctrine of *respondeat superior* is founded is wanting; that where there is no power of selection or direction there can be no superior; and that where a man is employed to do the work with his own means and by his own servants, he has the power of selection and direction, and he, and not the person for whom the work is primarily done, is the *superior*. The doctrine of that case has been since recognized in the case of *Fanjoy* v. *Seales* (29 Cal. 243.) We are entirely satisfied with it, and find no occasion to renew the discussion.

Judgment and order reversed, and a new trial granted.