[No. 3,457.]

## EDWARD O'HALE v. THE CITY OF SACRAMENTO.

LIABILITY OF CITY FOR NEGLIGENCE OF A CONTRACTOR ON A STREET.—When the Act incorporating a city requires sewers to be constructed under contracts to be let by the city, the contractor, in performing the work, is not the agent or servant of the city; and any negligence in performing the work is his negligence, and the city is not liable for injuries sustained through his negligence.

CASE AFFIRMED.—James v. San Francisco, 6 Cal. 528.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The plaintiff appealed.
The other facts are stated in the opinion.

*Edgerton & Smith,* for Appellant.

It was the duty of the defendant to have erected lights and barriers at and around the excavation, and it is liable in damages for injuries resulting from a breach of such duty. (*Mayor and C. C. Baltimore* v. *Marriott,* 9 Md. R. 160; *Mayor and C. C. Baltimore* v. *Pennington et al.* 15 Md. R. 12; Angel on Highways, Sections 299, 300; *Kimball* v. *Bath,* 38 Maine R. 219; *Burnham* v. *City of Boston,* 10 Allen's R. 290 ; *Hitchcock* v. *Village of Pittsburg,* 16 N. Y. R. 161 ; *Milwaukee* v. *Davis,* 6 Wis. R. p. 377; *City of Buffalo* v. *Halloway,* 3 Seld. 493; *Magor, etc.,* v. *Furze,* 3 Hill, 612 ; *Rochester White Lead Company* v. *City of Rochester,* 3 Comstock, p. 463; *Pittsburgh City* v. *Gwin,* 10 Harris—22 Penn. St. Rep.—54; *Erie City* v. *Schwingle,* 10 Harris, 384; *Mayor* v. *Lassen,* 9 Hump. 757; *Delmonico* v. *Mayor,* 1 Sandf. 222.)

*J. H. McKune,* for Respondent.

The corporation has no election. It must let the contract, and to the lowest bidder, giving adequate security. It has no funds provided for the construction by itself of such sewers: In such cases the defendant is not liable. (*James* v. *San Francisco,* 6 Cal. 528; *Reedy* v. *London and*

*N. W. R. R. Co.* 4 Welsh, H. and G. 243.) And a municipal corporation, like a private individual, is not liable for the acts or non-feasance of a contractor. (*Palk* v. *Mayor of New York,* 8 N. Y. 222; *Blake* v. *Ferris,* 5th N. Y.—Selden —48; *Gumderr* v. *Cormack,* 2 E. D. Smith, 254; *Barry* v. *St. Louis,* 17 Mo. 121; *Walcott* v. *Swampscott,* 1 Allen, 101; *Boswell* v. *Laird,* 8 Cal. 469; *Du Pratt* v. *Lick,* 38 Cal. 691.)

*Edgerton* and *Harrison,* in reply. There is a broad distinction between the liability for injuries that may result from a work itself, which is necessarily dangerous, however skillfully performed, and that which ensues from the negligence of an employee of an independent contractor, in the performance of the work. In the latter case, the contractor is alone liable as the immediate superior; while in the former, a municipal corporation causing the work to be done, without taking proper precaution against accident, is the ultimate superior, and liable to the party injured. We concede that the case of *James* v. *San Francisco,* 6 Cal., is squarely against us on this point. But the distinction upon which we here insist, and the ground upon which we seek to make the defendant responsible, do not seem to have been at all attended to by the Court in that case. Since it was decided, the precise point in hand has been elaborately discussed by elementary authors, and repeatedly adjudicated by Courts of Last Resort in other States; and the liability of a municipal corporation on the ground stated may be said to be an established principle in American Jurisprudence. We assert with entire confidence that the decision in *James* v. *San Francisco,* cannot be sustained upon principle; that it is in direct conflict with an overwhelming weight of authority, and should be unhesitatingly overruled. (Cooley's Constitutional Limitations, page 249; Dillon on Municipal Corporations, Sections 791, 792, 793; *Storrs* v. *City of Utica,* 17 N. Y. 104; *The City of Buffalo* v. *Holloway,* 3 Sel. 493; *City of Springfield* v. *La Claire,* 42 Ill. 476; *Chicago City* v. *Robbins,* 2 Black. 418; *City of St. Paul* v. *Louis Seitz,* 3 Minn. 297; *City of Detroit* v. *Corey,* 9 Mich. 165; *Blake* v. *St. Louis,* 40 Mo. 569; *Hutson* v. *Mayor, etc.* 9 N. Y. 163.

By the Court, RHODES, J.:

A sewer was being constructed in one of the streets of Sacramento by Fuller, under a contract entered into by and between him and the city; and in the prosecution of the work, he had made an excavation which extended a part of the way across K street. The excavation was left by him, at night, without any light or barrier to warn travelers of the existence of the excavation, except a slight barrier at the southern end of the excavation. The plaintiff, while riding along K street, was precipitated into the excavation and sustained serious personal injuries. The Court ordered a nonsuit.

The question as to the liability of the city for injuries sustained under circumstances like those shown by the record in this case, is not new in this Court. The Act of March 21, 1868 (Stats. 1867–8, p. 221), requires the sewers to be constructed under contracts to be let, as therein provided. The contractor, in performing the work, is not the agent or servant of the city; and any negligence in the performance of the work, is his negligence, and not that of the city; and the city is not liable for injuries occasioned by such negligence. Such is in the rule laid down in *James* v. *San Francisco*, 6 Cal. 528. The same rule is applied in cases where both parties to the contract are private persons. (*Boswell* v. *Laird*, 8 Cal. 469; *DuPratt* v. *Lick*, 38 Cal. 691.) The rule ought not now to be disturbed, except for the most cogent reasons; and we are not satisfied that the better reasons sustain the opposite rule.

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.