[No. 3,459.]

## F. KRAUSE v. THE CITY OF SACRAMENTO.

COMPLAINT AGAINST CITY FOR NEGLIGENCE OF STREET CONTRACTOR.—When the charter of a city requires work in the improvement of streets to be done by contract, or by the owners of adjacent lots, and an action is brought against the city for an injury sustained by negligence in the work on such improvements, an averment in the complaint, that the work was being done at the instance of the city, will be construed as alleging that the work was being done as the charter directed.

LIABILITY OF CITY FOR DAMAGES.—When the charter of a city requires work in improving streets to be done by contract, or by the owners of adjacent lots, the city is not liable for damages sustained by reason of the negligence of the contractor, or owner of adjacent lots, in performing such work.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

The plaintiff appealed.
The other facts are stated in the opinion.

*Edgerton & Smith*, for Appellant.

*MeKune & Welty*, for Respondent.

By the Court, RHODES, J.:

It is alleged in the complaint that a certain sidewalk was

---

---

being constructed in said city "at the instance of defendant;" that it was being constructed on a grade of about eight feet above the old sidewalk; that while it was being so constructed, it was suffered by the defendant to be left in such a condition that at the end thereof, there was an abrupt declivity of about eight feet; that the defendant suffered it to be left without any lights or barriers; and that the plaintiff, in traveling along said sidewalk, in the night, was precipitated from the end of said sidewalk, and thereby suffered great bodily injuries, etc. The demurrer to the complaint was sustained.

It is not expressly alleged that the city was itself doing the work mentioned, but only that it was being done at the instance of the defendant. The Charter of 1863 (Stats. 1863, p. 433, Sec. 52 and following) does not provide for such work being done directly by the city; but the provisions are, so far as we have noticed, that work in the improvement of streets is to be done by contract, except in certain cases where the Street Commissioner requires it to be done by the owners of the adjacent lots. If the work was being done by a contractor, or the owners of adjacent lots—and in view of the provisions of the charter, the complaint must be construed as averring that the work was being done in one of those modes—the negligence charged in the complaint was not that of the city, but of the contractor or lot owners; and under the rule in *O'Hale* v. *Sacramento*, *ante* p. 212, and cases there cited, the city is not liable for the injuries sustained by the plaintiff.

Judgment affirmed.