[No. 15373.   Department One.—April 21, 1894.]

PATRICK DONOVAN, APPELLANT, *v.* OAKLAND AND BERKELEY RAPID TRANSIT COMPANY, RESPONDENT.

NEGLIGENCE—LEAVING POSTHOLES UNGUARDED—CONTRACTORS—SUPERVISION OF WORK—LIABILITY OF ELECTRIC RAILROAD COMPANY.—An electric railroad company is liable for injury to travelers caused by leaving unguarded in the public streets postholes dug therein for the support of poles for its railroad, and the fact that the holes were dug by contractors who had contracted for the digging of them, will not relieve the railroad company from liability for negligence, where the contract provided that they were to be dug under the supervision of the superintendent of the railroad company, and subject to his approval and acceptance, and did not require the contractors to guard the holes for the protection of travelers.

ID.—FAILURE TO GUARD FINISHED HOLE—NEGLIGENCE OF RAILROAD COMPANY.—Where the negligence which caused the injury was that of failing to guard a posthole after it was finished by the contractors, such negligence must be imputed to the railroad company.

ID.—AUTHORITY OF FRANCHISE—NUISANCE.—If the digging of postholes for the use of an electric railroad is expressly or impliedly authorized by its franchise, it is not necessarily a nuisance, and can only become such by improper use, or by being negligently left in a condition dangerous to travelers.

Appeal from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion.

*Edward C. Robinson*, and *Edward A. Holman*, for Appellant.

*J. E. McElrath*, for Respondent.

Vanclief, C.—Action to recover damages for a personal injury alleged to have been suffered by plaintiff through the negligence of the defendant—a private corporation. The cause coming on to be tried by a jury, at the conclusion of plaintiff's evidence in chief, the defendant moved for judgment of nonsuit, which was granted; and plaintiff appeals from the judgment and from an order denying him a new trial.

That the evidence was sufficient to prove that defendant fell into an open hole in Grove street in Oakland township, in the night-time, and thereby suffered the injury complained of (fracture of the pelvis or hip bone), and that Grove street is a public street, there is no question. Nor is there any question that defendant caused the hole to be dug, and that it was unguarded by any light or otherwise, to warn travelers of the danger of falling into it, during the night of the accident. It appears, however, that the hole into which plaintiff fell was one of five hundred postholes dug by Spence and Bryant under a contract with defendant, in which holes defendant intended to set poles for the support of electric wires for its electric railroad, along and upon Grove and other streets, for which road a franchise had been granted to defendant by the county of Alameda.

The record shows that the motion for nonsuit was made on the following ground only:

"That it appears by the testimony that the holes were dug by an independent lot of contractors, and that the relation of master and servant did not exist between

Spence and Bryant and the company; unless it did—unless there was that relationship of agent and principal, or superior and subordinate, defendant cannot be held liable."

The following is a copy of the written contract under which the hole was dug by Spence and Bryant for the defendant:

Oakland, November 16, 1890.

*Oakland and Berkeley Rapid Transit Co.,*

Gentlemen: We will dig 500 postholes, more or less, for your company along the route of your road on Shattuck avenue, and also on Grove street. Said holes to be from 5 to 6 feet deep according to instructions of your superintendent, and placed where he may designate. The holes are to be 14 inches square, and of sufficient size to admit of poles 11 x 11 being placed in them, and room to tamp well. The whole work to be subject to the approval of your superintendent. Consideration to be one dollar for each hole dug and accepted by your superintendent. 75 per cent of the work performed to be paid each Monday, and 12 holes to be dug each day, the work to commence at once. Yours,

"W. G. Spence,

"Joseph Bryant.

"Accepted, Oakland and Berkeley Rapid Transit Co.

"Supt. H. L. Coleman."

The evidence tends to prove that the particular hole into which the plaintiff fell was dug and finished according to the contract several days before the accident.

Henry L. Coleman, the superintendent of the work, for defendant, testified: "I marked out the place where this hole should be dug. I did it as superintendent; Spence and Bryant dug the hole under a contract entered into with the company. It was done under my direction as superintendent of the company . . . . I did not employ any laborers. Spence and Bryant had to dig the holes . . . . I did not control in any way the digging of the holes, excepting to see that they were dug according to the specifications in the contract. Beyond

that, I exercised no control over it whatever. . . . . I had nothing to do with the man who dug the holes. I had dealings with Spence and Bryant as principals under the contract. They were hired by the company at so much a hole. I probably saw the hole on Monday preceding the accident. I drove past there very often, two or three times a day; I nor the company attempted in any way to place a guard, or light, or any thing to warn pedestrians of there being a hole, and to prevent accidents at this place. . . . . If the holes were not up to that contract, they had to fix them according to the contract. I think the hole was up to the contract. I do n't think they had to do any more work on it. I never knew the company to raise any objection to this particular hole. . . . . I suppose we placed the hole there, under and by virtue of the franchise. We built the whole road under the franchise granted by the board of supervisors."

I think the granting of the nonsuit was an error.

It will not be denied that it was the legal duty of the defendant to guard the hole in such a manner as to notify and warn travelers by night of the danger of approaching it, unless that duty had been transferred or shifted from defendant to Spence and Bryant by the contract above set out. But, conceding without deciding, that such duty might have been so shifted by contract, still the contract in this case did not have that effect, even while the contractors were digging the particular hole into which plaintiff fell; much less after they completed all they had contracted to do on that hole.

The contract obligated Spence and Bryant to dig each hole fourteen inches square, at a place to be designated by defendant's superintendent, and to a depth of five to six feet, according to instructions of said superintendent, and nothing more. Nothing as to the place, size, or other quality of the hole was intrusted to the judgment or discretion of the contractors. All these were dictated by the defendant. And the evidence strongly

tends to prove that the hole into which plaintiff fell had been completed according to the contract two or three days before the accident. The contract did not require the contractors to guard the hole for the protection of travelers on the street, nor for any other purpose, in any manner, at any time—certainly not after it was finished; and, since the negligence which caused the injury was that of failing to guard the hole after it was finished by the contractors, it must be imputed to the defendant. (*Darmstaetter* v. *Moynahan*, 27 Mich. 188; Wharton on Negligence, secs. 179–87, and cases there cited.) I find nothing opposed this view in the California cases cited by respondent. In *Du Pratt* v. *Lick*, 38 Cal. 691, the contractor was repairing defendant's sidewalk at the time of the accident, and was in nowise subject to the orders, or under the control of, the defendant; besides, the terms of the contract do not appear. It does not appear that the hole in the sidewalk into which plaintiff fell was contemplated by the defendant, or provided for in the contract. The case was decided upon the authority of *Boswell* v. *Laird*, 8 Cal. 469, 68 Am. Dec. 345, which is perfectly consistent with the views above expressed.

In *O'Hale* v. *Sacramento*, 48 Cal. 212, cited by respondent, the defendant had let a contract to construct a sewer, and the contractor (Fuller) made an excavation partly across K street, into which plaintiff fell and was injured. The plaintiff was nonsuited on the ground that the statute required the sewer to be constructed under a contract to be let as therein provided, and inasmuch as the contract had been so let to Fuller by the defendant city, it was held not liable for the negligence of the contractor. But the terms of the contract do not appear. Undoubtedly the contractor had the entire control of the excavation, and consequently the duty of properly guarding it while the sewer was being constructed devolved upon him. However this may be, it is quite clear that it is not a precedent applicable to the facts of this case. There was no statute requiring or regulating

the letting of the contract in this case; nor had the contractors in this case control of the manner in which the work should be done, even while they were doing it; and surely not after it was completed.

The case of *Andrews* v. *Runyon*, 65 Cal. 629, seems directly in point, as to the effect of the contract upon the liability of the defendant. In that case the defendant had let a contract to repair a levee. The contractor dug earth from a public road with which to repair the levee, and thereby made an excavation in the road into which plaintiff drove his team and buggy, and was seriously injured. The court said: "If it was a part of the contract that the road was to be dug up to build the levee, Runyon (who let the contract) would certainly be bound." (See, also, *Williams* v. *Fresno etc. Co.*, 96 Cal. 14; 31 Am. St. Rep. 172; *Colgrove* v. *Smith, ante*, p. 220 )

Assuming that the digging of the hole was expressly or impliedly authorized by the franchise, it was not necessarily a nuisance, and could only become such by improper use, or by being negligently left in a condition dangerous to travelers, without being properly guarded; and in these respects only is negligence charged in this action.

I think the judgment should be reversed, and a new trial granted.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is reversed and a new trial granted.

Garoutte, J., Paterson, J., Harrison, J.