# T. J. MANSFIELD CONST. CO. v. GORSLINE et al.
## (Motion No. 7408; No. 665–4549).

(Commission of Appeals of Texas, Section B. March 16, 1927.)

**1. Appeal and error ⬤⟶1094(1)—Supreme Court is bound by findings of fact by Court of Civil Appeals, where evidence of substantial nature supports finding.**

The Supreme Court is bound by the decision of the Court of Civil Appeals in its findings of fact, where there is evidence of substantial nature to support the findings.

**2. Torts ⬤⟶1—"Tort" is violation of legal right or omission of legal duty.**

A "tort" consists in the violation of a right given or the omission of a duty imposed by law.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tort.]

**3. Master and servant ⬤⟶315—Employer is not liable to third persons for acts of independent contractor.**

As a general rule, an employer is not liable to third persons for the omission or misconduct of a contractor selected with proper care, who retains independence of control in employing workmen and in selecting the means of doing work.

**4. Master and servant ⬤⟶324—Employer is liable to third persons for injuries from continued dangerous condition of work accepted from contractor.**

Employer is liable for injuries to third persons resulting from condition of a contractor's work, where he accepts the work and permits it to remain in a dangerous condition.

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Highways 🔑200—Plaintiffs, to recover for injuries from defective culvert, must prove that contractor was required to use ordinary care in protecting them from injury.**

Plaintiffs, to recover for injuries sustained when using highway due to defective culvert installed by contractor, were required to prove that contractor was under duty to use ordinary care in protecting plaintiffs from injury on account of condition of culvert at time accident occurred.

**6. Appeal and error 🔑930(3)—Trial court is presumed to have decided omitted issue in favor of judgment, where no request for submission was made by complaining party.**

Where issue raised by pleadings and evidence is omitted and complaining party makes no request for its submission, it will be presumed to have been found by the trial court in favor of the judgment.

On motion for rehearing. Motion overruled.

For former opinion, see 288 S. W. 1067.

Fitzgerald & Hatchitt, of Wichita Falls, for plaintiff in error.

Edgar Scurry and Bullington, Boone, Humphrey & King, all of Wichita Falls, for defendants in error.

SHORT, J. [1] The defendants in error in their motion for rehearing submit four grounds as reasons why the motion should be granted, two of which assail our conclusion that the accident occurred at culvert No. 2; whereas, the Court of Civil Appeals sustained the finding of fact that it occurred at culvert No. 3. In support of this contention they submit the legal proposition that the Supreme Court is bound by the decision of the Court of Civil Appeals in its findings of fact where there is evidence of substantial nature to support this finding. We fully agree with this contention as a correct legal proposition. Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030. Many other decisions reach the same conclusion, and it is no longer an open question in this state. However, a reference to the original opinion in this case, reported in 288 S. W. 1067, shows that we held that this question of fact was not material to a decision of the case, and therefore whether we were correct or not in our conclusion is of no consequence. The testimony shows that only one culvert was uncovered and that the accident occurred at this particular culvert without regard to its numbering or location.

[2-4] The third ground of the motion challenges the correctness of our opinion upon the ground that the undisputed evidence in the case showed that the defendants in error were injured by reason of the act of the plaintiff in error in placing said road in a hazardous and dangerous condition, and asserting that the plaintiff in error could

not be excused for negligently injuring the defendants in error because it had a contract with Wichita county under which the county had agreed upon the completion of the culverts to place the road back in a reasonably safe condition. The defendants in error also assert that we have misconstrued the character of their cause of action which they claim to be a tort, and with which contention as to the character of the cause of action we agree. A "tort" consists in the violation of a right given or the omission of a duty imposed by law. 38 Cyc. 426. If the plaintiff in error is liable to the defendants in error upon the cause of action alleged, then its employer, Wichita county, would not be liable even though it was suable for damages resulting from this character of action. An employer is not liable to third persons for the omission or misconduct of a contractor, selected with proper care, who retains independence of control in employing workmen and in selecting the means of doing the work. This is a general rule of nonliability, but is subject to certain exceptions, among which is the following: Where the employer accepts the work while in a dangerous state and permits it to remain so, and the injury results from its condition. Donovan v. Oakland & B. Rapid Transit Co., 102 Cal. 245, 36 P. 516.

The defendants in error cite the case of Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517, as sustaining their position that this ground in the motion should be sustained. We say in the original opinion:

"An essential element of negligence is a duty; if there is no duty there can be no negligence. To constitute negligence there must appear a duty on the part of the plaintiff in error to the party injured and legal nonperformance of that duty."

In the Fox Case, Justice Greenwood, speaking for the Supreme Court, uses this language:

"Upon defendant in error taking over the control and repair of the elevators, to promote its own interests, it became charged with the *duty*, declared in the instructions of the trial court, to exercise ordinary care to maintain the elevators in a condition of reasonable safety for use. This *duty* to one using the elevators depended in no wise on any contractual obligation in favor of the user from defendant in error. The *duty* is grounded on the obligation to exercise ordinary care in an undertaking which cannot otherwise be carried on without endangering the lives and limbs of others. An elevator such as that in which Fox was injured is a structure designed and maintained for use by human beings. Death or bodily harm to a fellow being is the natural consequence of failure to keep the elevator in repair. Having brought under its control a mechanical appliance, which was, or should have, been known to be attended by grave risks, defendant in error was under the specific, legal *duty* to exer-

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cise ordinary care to protect those for whose use the appliance was provided against the risks it foresaw or should have foreseen." (Italics ours.)

In Seale v. Gulf, C. & S. F. R. Co., 65 Tex. 274, 57 Am. Rep. 602, Chief Justice Willie, speaking for the Supreme Court, says:

"When a defendant has violated a duty imposed upon him by the common law, he should be held liable to every person injured, whose injury is the natural and probable consequence of the misconduct; and that the liability extends to such injuries as might reasonably have been anticipated, under ordinary circumstances, as the natural and probable result of the wrongful act."

[5] It will thus be seen that under the decisions of the Supreme Court of this state it was incumbent upon the defendants in error, in alleging and proving their case against the plaintiff in error, to establish the fact that the latter was under the duty to use ordinary care in protecting the injured party from injury on account of the condition of the culvert at the time the accident occurred. We held in the original opinion that the plaintiff in error at the time the accident occurred did not owe the injured party any duty. What we said in the original opinion we think sufficient to demonstrate the correctness of our conslusion in this respect.

The fourth ground of the motion challenges the correctness of our conclusion in holding that the undisputed evidence in the case showed that the contract had been completed and the work accepted by the county. In our original opinion we quoted at length from the testimony on this subject, which was all the testimony introduced by the parties, from an inspection of which there is left no ground upon which reasonable minds can differ, and therefore there could have been no issue for the jury to determine as to whether the work had been completed and accepted by the county when the accident occurred and no issue on that subject for the trial judge to determine. Furthermore, the testimony shows without contradiction that the accident occurred late Sunday evening and that early the next morning the agents of the county covered the culvert where the accident occurred. This is a circumstance, independent of any other testimony on the subject, entitled to much probative force in determining whether the work had been accepted by the county at the time of the accident. However, as we have seen, there was no testimony offered by the defendants in error tending to prove that the work had not been accepted by the county when the accident occurred. All testimony having that tendency even was introduced by the plaintiff in error upon an issue in no way related to this subject. There is no tes-

tending to support the contention of defendants in error that the work had not been completed. There is testimony from which the jury might have concluded that on the timony whatever in the record affirmatively evening previous to the time the accident occurred the plaintiff in error had lighted and placed a lantern on the embankment for the purpose of warning persons traveling the road at that point of the dangerous condition of the ditch, but this testimony did not even tend to contradict the affirmative testimony in the case that at the time of the accident the work which the contract required the plaintiff in error to perform had been completed and the work accepted by the county. This act in placing the lighted lantern upon the embankment did not have the legal effect to nullify, or even in any way tend to contradict, the testimony introduced that the work had been finished by the plaintiff in error and accepted by the county.

[6] Of course, it is well settled that if an issue raised by the pleadings and evidence is omitted, and no request is made by the complaining party for its submission, it will be presumed to have been found by the trial court in favor of the judgment. The authorities on this subject are consistent and conclusive, but since all the testimony introduced on the subject is one way, there is no issue raised by the pleadings and the evidence.

Believing that the original opinion in this case correctly decides the issues raised by the pleading and the evidence, we recommend that the motion for rehearing be overruled.