[Civ. No. 13945.   Second Dist., Div. One.   Apr. 24, 1943.]

WILLIAM WHARAM, Respondent, v. INVESTMENT UNDERWRITERS, INC. (a Corporation) et al., Appellants.

Russell D. Garner and C. L. Gardner for Appellants.

Martin Forrest for Respondent.

DRAPEAU, J. pro tem.—The plaintiff and defendant Investment Underwriters, Inc., were owners of lots in the city of Los Angeles, with a common boundary line at the rear of each lot. These lots are located in a block bounded on the north by Second Street, on the south by Third Street, on the west by South Rampart Street, and on the east by South Coronado Street. Plaintiff's lot fronts west on South Coronado Street, defendant's lot fronts east on South Rampart Street. The common boundary at the back of each lot is approximately in the middle of the block. The natural slope of the land is downward from South Coronado Street to South Rampart Street.

In 1935 the plaintiff caused to be built at the rear of his lot a concrete retaining wall. In 1940 the defendant lot owner, Investment Underwriters, Inc., contracted with the defendant, California National Builders, Inc., a contracting firm, to build on the South Rampart Street lot a two-story apartment building with a garage at the rear. This necessitated excavating the rear end of defendant's lot; which was done and the improvements built. Thereafter, and during a time of heavy rainfall, a part of the rear end of plaintiff's lot slid down into the excavation on defendant's lot, together with a part of the retaining wall.

In the resulting action in the superior court, plaintiff recovered judgment against both defendants for $2,500 for damages to his lot and the retaining wall. From this judgment defendants have appealed.

The trial court found, among other things, that the slide was caused by the negligence of both defendants. One witness for the plaintiff testified that in addition to excavating on the lot of defendant Investment Underwriters, Inc., the workmen of the defendant contractor climbed the bank and excavated with pick and shovel right past the property line and onto plaintiff's property. "They went back here approximately 3 feet east of the line, or the rear of this wall, and began their cutting down the bank." This testimony was not denied. Under familiar rules binding upon this court on appeal this testimony is sufficient to sustain the finding of

negligence, and the judgment, as against both defendants. (*Hedstrom* v. *Union Trust Co.*, 7 Cal.App. 278 [94 P. 386]; 2 C.J.S., sec. 17, page 18.)

There are other reasons which require affirmance of the judgment. ■ At common law every owner of land was entitled to lateral support of that land from every other coterminous owner. This was an absolute right incident to the land itself. The coterminous owner who excavated upon his property, by the exercise of proper care and the application of proper means of support, was compelled to protect adjoining property in its natural state from sliding into the excavation. (*Aston* v. *Nolan*, 63 Cal. 269; *Sargent* v. *Jaegling*, 83 Cal.App. 485 [256 P. 1116]; *Sullivan* v. *Zeiner*, 98 Cal. 346 [33 P. 209, 20 L.R.A. 730]; *Charles F. Harper Co.* v. *DeWitt M. & R. Co.*, 115 Cal.App. 15 [300 P. 839].)

■ With the growth of urban communities, and changing conditions, it was early perceived in California that there should be some relaxation of the common law rule.

This relaxation was codified by the enactment of our Legislature of Civil Code section 832 in 1872 and several amendments thereto during the passing years. There is nothing in section 832 *supra* which permits or excuses negligent trespass upon adjoining property. All that said section does is to permit a land owner to excavate, freed from the absolute common law right of lateral support in his neighbor, provided certain conditions in the code section are complied with, and always provided that negligence of the excavator is not the proximate cause of damage to the property of the adjoining land owner. For no man may use his own property so negligently as to cause damage to or destruction of his neighbor's property. (See sec. 832, Civ. Code; *Pacific Gas & Electric Co.* v. *Scott*, 10 Cal.2d 581 [75 P.2d 1054], and cases cited at page 585.)

■ If he would relieve himself from the absolute duty of lateral support, the first duty of the excavator set forth in section 832, *supra*, is that reasonable notice shall be given to the owner of adjoining property. In this case, while there was evidence of some perfunctory effort to notify the plaintiff, there was also evidence amply sustaining the trial court's finding that no notice whatever was given to the plaintiff. Therefore, the duty and the liability of the defendants must

be measured and determined under the common law rule. (*Aston* v. *Nolan, supra.*)

The next provision in said code section is that the excavator shall use ordinary care and skill and shall take reasonable precautions to sustain the adjoining land. The trial court found that the defendants failed in this duty likewise; and there is evidence in the record which will sustain this finding. This evidence in part is as follows: That the excavation was made with a vertical cut just west of the boundary line, without doing anything to short up or to protect the plaintiff's adjacent property. The trial court viewed the premises and in support of its finding is presumed to have taken into consideration the configuration of the ground, the depth of the excavation, the type of the soil and other surrounding conditions, together with the certainty of the rainfall which preceded the slide. Under such circumstances this court may not disturb a finding of negligence.

Appellants suggest that due to the fact that there was a retaining wall on the plaintiff's land, they are absolved from liability under the common law rule, that liability only being applicable to land in its natural state. This exception to the common law rule does not apply in this case, because the testimony supports the inference that the retaining wall was not such a structure as to materially increase the lateral weight and pressure upon plaintiff's property, and thus contribute to the injury complained of. (*Charles F. Harper Co.* v. *DeWitt M. & R. Co., supra.*)

Complaint is made that the only evidence supporting the amount of damages found by the trial court was based upon the cost of replacement of the retaining wall. The case was tried upon the theory that this was the proper measure of damages. No objection was made to questions propounded to plaintiff's witnesses as to cost of replacement, and the defendants themselves presented witnesses who testified to the same thing. Under familiar rules of appellate practice, appellant may not now, for the first time present this contention in this court. (*Kaufman* v. *Tomich,* 208 Cal. 19 [280 P. 130].) While it is unnecessary to this decision, it may be said that in a proper case it may well be held that the measure of damages in such cases as this would be the cost of replacement of the structure damaged or destroyed. (See text and cases cited in 2 C.J.S. at page 24.)

■ The last point remaining for consideration is the contention of the appellant land owner that there is no liability as to it because the excavating was done by an independent contractor. This contention is clearly determined against the defendant land owner by California authority. In this case the land owner and contractor are both liable as joint tort feasors for negligent trespass, for negligence in excavating on defendant's lot, and as parties to a joint enterprise which deprived plaintiff of his common law right of lateral support. (*Green* v. *Berge,* 105 Cal. 52 [38 P. 539, 45 Am.St.Rep. 25] ; *Hedstrom* v. *Union Trust Co., supra.;* 2 C.J.S., 18.)

In view of its rather sweeping character, the foregoing statement should perhaps be amplified. The defendants are liable as joint tort feasors in negligent trespass because the president of the contracting defendant testified that the plans for the improvements placed upon the South Rampart Street lot were considered in consultation with the owner, and all matters with reference to the excavation, the height of the wall to be constructed by the defendant contractor, and the distances necessary to locate the wall from the rear lot line in order to establish the proper lateral support were determined before the property was bought. This being the case, it was proper for the trial court to draw the inference that before the work was done the defendant lot owner was apprised of the fact that from the top of the defendant's wall it was the purpose of the contractor to trespass upon plaintiff's lot in order to establish a sloping grade on the surface from the top of that wall into and upon plaintiff's property. In the case of *Hedstrom* v. *Union Trust Company, supra,* the lot owner was held jointly liable with the contractor in negligent trespass because the plans and specifications for the construction of the defendant's building contemplated a trespass into the plaintiff's foundation wall.

The defendants are liable as joint tort feasors for negligence in excavating on defendant's lot, and for the removal of lateral support because in the case of *Green* v. *Berge,* supra., our Supreme Court held that a coterminous owner and his contractor are liable jointly for the fall of adjacent property when not supporting it properly on excavation, thereby overruling the prior case of *Aston* v. *Nolan,* 63 Cal. 269. This holding is supported by the weight of authority throughout the United States. (See comment 20 Cal. L. Rev.

62, at page 67, and authorities there cited; 2 C.J.S. 17; 1 Am.J. 526.)

The judgment is affirmed.

York, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 21, 1943.