[Civ. No. 12702. First Dist., Div. Two. Nov. 27, 1944.]

E. N. SAGER et al., Appellants, v. DANIEL R. O'CONNELL, Respondent.

28

Marvin E. Lewis and James W. Harvey for Appellants.

Simeon E. Sheffey and Eric A. Falconer for Respondent.

NOURSE, P. J.—The plaintiffs and cross-defendants appeal from a judgment awarded respondent on the cross-complaint.

The original complaint for abatement of a nuisance and the recovery of damages therefrom was brought in the name of the individual appellant, E. N. Sager. It alleged that the plaintiff owned designated property on Ellis Street in the city and county of San Francisco, and that the defendant was the adjoining owner, upon whose premises a wooden wall or bulkhead had been erected. It further alleged that the defendant had permitted the bulkhead to become decayed and that as a consequence dirt and debris had fallen from the higher property of defendant onto the property of plaintiff, creating the damages complained of.

Upon the trial of the action, the title of plaintiff's property was put in dispute and by stipulation the Sager Enterprise and Construction Company, a corporation, was added as party plaintiff and cross-defendant, the respondent reserving all rights to object to the pleadings to be filed thereafter.

Pursuant to this stipulation, at the conclusion of the trial, appellants then filed an amended complaint for abatement of nuisance, praying that if the bulkhead be determined to be a division fence, respondent be ordered to contribute one-half of the cost of repair, but if it be determined to be respondent's fence, he be enjoined from maintaining a nuisance and ordered to build another fence, and for the removal of dirt and debris now on appellants' property as a result of its having fallen through the fence, and for the recovery of damages.

Respondent answered and cross-complained contending throughout that his property was at its natural level and that appellants' adjoining property had been excavated by a pre-

vious owner; that the bulkhead was located upon appellants' property and had been erected by appellants' predecessor in title for the purpose of providing lateral support to which respondent's land was entitled. He further alleged that appellants had permitted the bulkhead to become decayed and that as a consequence dirt from respondent's property had fallen into the excavation on appellants' property; that if appellants failed to erect a substantial bulkhead, he would have to do so and that the cost of erecting the same would be $5,000. The entire prayer of both the original cross-complaint and the document entitled "Amended Cross-Complaint," which in reality appears to be a supplemental cross-complaint, reads:

"That Cross Defendants herein named be required and ordered to construct a new wall or bulkhead in lieu of the old, rotten and decayed bulkhead now on the land of Cross Defendants herein named, and in the alternative, that if said new wooden wall or bulkhead is not constructed within a time fixed by order of this Court that Cross-Complainant have judgment against Cross Defendants herein named in the sum of Five Thousand Dollars ($5000.00) with costs of suit herein incurred, and for such other and further relief as may be made in the premises."

Upon the trial of the action respondent was awarded a judgment on his cross-complaint in the sum of $2,035. That sum is predicated upon the following finding of fact:

"That by reason of the failure of cross-defendants to furnish to the land of cross-complainant the lateral support to which it was and is now entitled to receive from cross-defendants' land, and by reason of the subsidence and falling in of cross-complainant's land, cross-complainant has been damaged in the sum of Two Thousand and Thirty-Five Dollars ($2,035.00)."

Appellants claim a number of errors. ■ We find that many of the findings of the court objected to are supported by the evidence, although a conflict in the evidence did exist. The evidence does support the conclusion that appellants' property had been excavated below the street level. The finding that the wall was not a division fence, but a bulkhead originally erected on appellants' property for the purpose of providing lateral support for respondent's property is also supported by the evidence. It follows therefore that appel-

lants have not proved the gravamen of their complaint and cannot recover thereon.

However, the award of damages to respondent is not sustained by the evidence. For this reason it is unnecessary to determine if the item of damages for the loss of the right of lateral support (as distinguished from damages resulting from the deposit of debris) was embraced within the issues of the cross-complaint. The only witness who testified on this subject directed his testimony to the cost of replacing the retaining wall in its present location, but the trial court found that that wall was built on appellants' not on respondent's property. In addition it included in the figure of $2,035, the cost of removing dirt and debris from appellants' property and restoring appellants' wall. No segregation in these items was made. Appellants had contended that the wall was built on the property line, but the trial court found to the contrary, and thus we have a case where the appellants are obligated to maintain the wall for the lateral support of respondent's land, and the collateral issue of the damages sustained by respondent.

The proper measure of damages in this state is that laid down in *Green v. General Petroleum Corp.*, 205 Cal. 328, 336 [270 P. 952, 60 A.L.R. 475] : ''The rule to be applied in this case is: If the cost of repairing the injury by removing the debris deposited by the appellant, and otherwise restoring the premises to their original condition, amounts to less than the value of the property prior to the injury, such cost is the proper measure of damages; and if the cost of restoration will exceed such value, then the value of the property is the proper measure. (*Salstrom v. Orleans etc. Mining Co.*, 153 Cal. 551, 558 [96 P. 292].)'' (*Kell v. Jansen*, 53 Cal.App.2d 498 [127 P.2d 1033] ; *Wharam v. Investment Underwriters*, 58 Cal.App.2d 346, 350 [136 P.2d 363].)

No evidence whatever was introduced as to the value of respondent's property and no evidence was offered of the damages suffered. The cost of rebuilding a retaining wall on appellants' property cannot be held to be equivalent to the cost of restoring respondent's property to its original condition by mere speculation and without some evidence, and the finding of damages is therefore not supported by the evidence.

While the findings of fact contain a finding that respondent's property is entitled to lateral support, that statement is not contained in either the conclusions of law or the

judgment. Since the enforcement of this right is the main issue raised by the cross-complaint, it would appear proper that a determination be made thereon. The trial court found that respondent's land is in its natural condition and if this is sustained by evidence at the new trial it would be a basis for the claim that his land is entitled to lateral support.

The California rule of lateral support is found in Civil Code section 832: "Each coterminous owner is entitled to the lateral and subjacent support which his land receives from the adjoining land, subject to the right of the owner of the adjoining land to make proper and usual excavations on the same for purposes of construction or improvement, under the following conditions. . . ." This section has been discussed in considerable detail in *Wharam* v. *Investment Underwriters, supra,* where the court states: (p. 349) "There is nothing in section 832 . . . which permits or excuses negligent trespass upon adjoining property. All that said section does is to permit a land owner to excavate, freed from the absolute common law right of lateral support in his neighbor, provided certain conditions in the code section are complied with, and always provided that negligence of the excavator is not the proximate cause of damage to the property of the adjoining land owner. For no man may use his own property so negligently as to cause damage to or destruction of his neighbor's property. (See § 832, Civil Code; *Pacific Gas & Electric Co.* v. *Scott,* 10 Cal.2d 581 [75 P.2d 1054], and cases cited at page 585.)"

However the case at bar involves a problem not covered by section 832, *supra,* or other cases in California. In this case the excavation was made with due care and adequate precaution was taken to sustain respondent's property. The sole fault of appellants', if any exists, lies in negligently permitting the lateral support to weaken. Section 817 of the Restatement of Torts is applicable: ". . . a person who withdraws the naturally necessary lateral support of land in another's possession, *or support which has been substituted for the naturally necessary support,* is liable for a subsidence of such land of the other as was naturally dependent upon the support withdrawn, in the absence of a superseding cause or other reason for relieving him." (Italics ours.) See *Gorton* v. *Schofield,* 311 Mass. 352 [41 N.E.2d 12, 139 A.L.R. 1262]; *Foster* v. *Brown,* 48 Ont. L.R. 1, 10 B.R.C. 918.

Appellants also question whether judgment could be

rendered against both appellants. In this connection we point out that it is essential to recover judgment against an owner that he be shown to be guilty of some act of negligence in connection with the lateral support of respondent's property.

█ The mere fact that appellant E. N. Sager was not the registered owner of the property is not sufficient to relieve him of liability if, in fact, he owned the property and was negligent. █ The fact that a prior owner was negligent in permitting the bulkhead to decay will not excuse a subsequent owner from a continuing negligence.

Assuming the trial court finds all of the elements to exist which will grant respondent's property the right of lateral support we see no reason in equity why the burden of providing such support should be transferred from appellants' to respondent's land. █ But here the case made by respondent upon which the judgment rests is that, unless appellants construct a substantial bulkhead it will be necessary for respondent to do so. The cost of such construction is pleaded in the cross-complaint. But respondent cannot have a judgment for money to construct the bulkhead and then require appellants to construct it at their own expense.

The judgment is reversed.

Spence, J., and Goodell, J. pro tem., concurred.