[Civ. No. 14057.   First Dist., Div. One.   Aug. 29, 1949.]

CHARLES DANIELS et al., Appellants, v. JOHN McPHAIL et al., Respondents.

Freitas, Keating & Freitas for Appellants.

Martinelli, Gardiner & Riede for Respondents.

WARD, J.—The gist of this action appears in the following paragraph of the complaint: "That in the months of February and March, 1947, defendants wrongfully allowed land of theirs to slide and fall onto the land and improvements of plaintiffs, without plaintiffs' consent and against the wish of plaintiffs, thereby causing damage to plaintiffs' land and improvements in the amount of Three Thousand Two Hundred Twenty-Two and 36/100 ($3,222.36) Dollars." Defendants McPhail answered and cross-complained. The answer admits the sliding of the land, sets up contributory negligence, assumption of risk, an act of God and plaintiffs' failure to support defendants' property. In the cross-complaint defendants demanded that their land be provided with lateral support and alleged that under present conditions defendants' lands are unusable for residential or commercial purposes and damaged and diminished in market value to the extent and in the amount of the cost of a retaining wall, to wit, $5,000.

After the presentation of evidence each side made a motion for a directed verdict. By order of the court the jury returned a verdict in favor of defendants and against plaintiffs on the issues raised by the complaint and answer, and in favor of plaintiffs and cross-defendants and against the cross-complainants on the issues raised by the cross-complaint and the answer thereto. The appeal is by the plaintiffs from the judgment entered after the verdict. The defendants and cross-complainants do not appeal.

The evidence shows that defendants were the owners of about 18 acres of hillside land in the city of San Rafael. Defendants had excavated a rectangular lot fronting 105 feet on Fourth Street and having a depth of approximately 150 feet, so that the 105-foot frontage was leveled with Fourth Street. The excavations had been made covering a period of 25 years and the rock and dirt used as base material for roads. In December of 1945, the owners made a further excavation in the rear or north end of the lot, leaving

a sloping cut with a face of approximately 40 feet from top to bottom. In the early fall of 1946, Charles Daniels and John McPhail met at the site of the property to determine if the 150-foot lot ''was level.'' It seemed to be mutually agreed that ''the bank was O. K.'' (referring to the slope or bluff). In September, 1946, defendants sold the excavated parcel or lower lot to plaintiffs. Consideration for the sale was paid and title in fee vested in plaintiffs. Defendants retained title to the unexcavated or upper land. Plaintiffs built a concrete storehouse, approximately 102 by 147 feet, on their lot near the bottom of the slope. In February, 1947, about 250 cubic yards of rock and dirt slid out from the bank causing a gap in the slope about 30 feet wide. An additional slide from the same bank occurred in March, 1947.

Plaintiffs' argument as presented in the opening brief covers two pages and is based on (1) Civil Code, section 3514, ''One must so use his own rights as not to infringe upon the rights of another,'' citing *Green* v. *General Petroleum Corp.*, 205 Cal. 328 [270 P. 952, 60 A.L.R. 475], and (2) that regardless of the issue of negligence defendants are liable in damages. The opening brief states: ''*Such liability is absolute* in the sense that it exists although no subsidence is intended or foreseeable and although in removing the lateral support the utmost care and skill are used to prevent a subsidence. (Restatement of Law of Torts, Section 817, Subsection b, page 187.)''

The answer to the complaint sets forth as one defense that plaintiffs failed to provide lateral and subjacent support for the land of ''defendants as required by Section 832 of the Civil Code of California.'' Civil Code, section 832, is a modification of the common law rule. (*Wharam* v. *Investment Underwriters*, 58 Cal.App.2d 346 [136 P.2d 363].) It extends to land in its natural state and provides for a right to support by adjoining land. Covering the period involved in this case the section states the conditions under which a coterminous owner may excavate. It provides that the excavator must give reasonable notice of the depth of the proposed excavation and of the time that the work will commence. Other provisions of the section need not be mentioned. The section is not applicable to the present case. At the time of the excavation defendants owned both parcels of the land here involved. There was therefore no one that the excavators should notify. If the defendants are liable in damages

it must be under some theory other than that of Civil Code, section 832.

The maxim set forth in Civil Code, section 3514, is not controlling. It is simply an aid in construing the proper application of common law principles or of code sections (Civ. Code, § 3509). In *Green* v. *General Petroleum Corp., supra,* cited by plaintiffs, the defendant leased certain lands adjoining plaintiffs' residence and was engaged in drilling a well for the production of oil. The well erupted, blowing off control valves, which resulted in a stream of oil, gas, mud and rocks shooting into the air and falling upon plaintiffs' property. It was held that under the existing circumstances of that case the defendant oil company was liable for the resultant damage without proof of negligence, upon the principle that "Where one, in the conduct and maintenance of an enterprise lawful and proper in itself, deliberately does an act under known conditions, and, *with knowledge that injury may result to another,* proceeds, and injury is done to the other as the direct and proximate consequence of the act, *however carefully done,* the one who does the act and causes the injury should, in all fairness, be required to compensate the other for the damage done." (Pp. 333-334. Italics added.) The liability in the Green case was not based on leasehold interest or ownership, but was based on injury resulting from "the performance of a lawful, voluntary but dangerous or perilous act" for which the actor must shoulder the responsibility and respond in damages (*McGrath* v. *Basich Brothers Const. Co.,* 7 Cal.App.2d 573, 577 [46 P.2d 981]) because of his "knowledge that injury may result to another" (*Green* v. *General Petroleum Corp., supra,* at p. 334).

In the closing brief plaintiffs cite *Sager* v. *O'Connell,* 67 Cal.App.2d 27 [153 P.2d 569], which was a case involving an action to abate a nuisance and recover damages for permitting a bulkhead to become decayed, the wall having been erected to provide lateral support to defendant's property. The court stated therein, at page 33: "In this connection we point out that it is essential to recover judgment against an owner that he be shown to be guilty of some act of negligence in connection with the lateral support of respondent's property." Under the provisions of Civil Code, section 832, excavations for a lawful purpose are permitted on adjoining property, but the coterminous owner is entitled to lateral and subjacent support. The section provides that an adjoining owner shall give proper notice of an intention to exca-

vate, the depth of the excavation and the time when the work will begin. The excavator shall use ordinary care and skill and take reasonable precautions to sustain the adjoining land. In the present case no notice to anyone was necessary at the time of excavation. Plaintiffs were not then the owners nor had they any interest in the property. The upper and the lower owner happened to be the same. No proof is presented of defendants' negligence in excavating and the complaint does not allege negligence. No warranties of any kind or character are alleged or proved regarding the security of the land. Plaintiffs' complaint alleges that defendants "wrongfully allowed land of theirs to slide and fall onto the land and improvements of plaintiffs." There is no allegation and no proof that at the time of the sale of the lot or at the time of the erection of plaintiffs' storehouse any demand, request or suggestion was made that defendants protect plaintiffs' land by erection of a bulkhead in any manner or form. There is some evidence that preparations may have been made to excavate on part of the upper land at some time previous to the landslide which occurred, but there is presented no proof of negligence either during the period of such excavation or subsequently.

To apply the quoted portion of the Restatement of Law of Torts to the facts of this case would mean that the rule would be applied retroactively to the period when defendants were the owners of each of the two parcels of land. Plaintiffs purchased the land and bargained with full knowledge of the previous excavation and the condition of the property at the time of sale. No fraud, no warranty, no negligence is alleged, nor is evidence presented to uphold any such claim. There is no evidence that defendants had the slightest idea, nor is there a reasonable inference that could be drawn, that defendants excavated their property with knowledge that injury might result to plaintiffs.

The order of the court must be approved. It is not necessary to consider other defenses raised by defendants.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 27, 1949. Carter, J., did not participate.