Quentin A. LEWIS, Appellant,

v.

R. W. TAYLOR, Appellee.

No. 6993.

Court of Civil Appeals of Texas, Amarillo.

Oct. 24, 1960.

**918**

Culton, Morgan, Britain & White, Amarillo, for appellant.

Hill & Adkins, Shamrock, for appellee.

CHAPMAN, Justice.

This is a venue case. Appellee, R. W. Taylor, brought this suit in Gray County, against Quentin A. Lewis for damages to his trailer home resulting from a metal canopy erected as a covering for appellant's gasoline pumps, blowing off its support and onto appellee's trailer adjoining appellant's filling station, reducing the trailer house and most of its contents to junk.

Appellant filed his plea of privilege to be sued in Potter County, the county of his residence. The plea was duly controverted and suit sought to be retained in Gray County, where the damages occurred, under Exception 9a to Art. 1995, Vernon's Ann.Tex.Civ.St.

The only point of error asserted is that there was not sufficient evidence introduced to raise an issue that an act or omission of negligence was committed by appellant, his servant, agent or representative acting within the scope of his employment in the county where suit was filed.

Appellant was alleged to be guilty of negligence in the following particulars:

A. In his failure to provide adequate support for canopies containing so much weight.

B. Failure to provide adequate support for canopies of such size and dimensions as these canopies.

C. Failure to support and strengthen the canopies with some type of guy-wires.

D. In constructing such canopies in a manner that the entire west side would be exposed to west winds.

E. In not having more support posts for the canopies than those provided.

F. In not fastening such canopies to the support posts with bigger, stronger and more bolts than the four, one-half inch bolts used on each side.

G. In failure to weld the support beams to the tops of the support posts.

H. In failure to adequately fasten the support posts to the ground in a manner so that each post would not vibrate when wind was blowing against the canopy.

I. In failure to have the nuts on the bolts, at the bottom of the support posts, tight enough that the posts would not shake

and vibrate when wind was blowing against the canopies.

Such negligent acts were alleged to have been, singularly and collectively, the proximate causes of the damages sustained.

Appellee was in another state ill at the time of the hearing upon the plea of privilege and the only witness used was Claude Simmons, his brother-in-law. His testimony was that he owned a place of business in the same block with the Taylor filling station and to the east thereof; that he observed the manner of construction of the canopies and in a few days after the fellows who put them up and from whom appellant bought them were gone, he advised appellant he was afraid of the canopies. "I am afraid they are going to come off and come into my place."

Appellant admitted in effect that the construction did not look good but stated that he had accepted them and paid for them. The witness then suggested that he get him some more posts. Each canopy had only two posts bolted to cement blocks and Mr. Simmons told him he should put four more posts under each canopy and weld them. Even before the day they were blown off a breeze apparently not very strong had loosened the canopies. They repaired them and welded them that time, but on July 10 thereafter, in a strong, straight wind they blew off, one of them causing the damages claimed.

The testimony was that they were 50 feet long by 30 feet wide, that they were in an introverted "V" shape with the sides highest where more wind would get in under them, and that they were supported by only two posts, each in the center of the thirty-foot dimension and near each end.

On the day the canopies were blown off Simmons had been to his farm and was on his way back to his place of business next to the filling station when the wind struck that blew the canopy into the trailer home from which the damages resulted. He said he had seen stronger, straight wind in West Texas on days of sand storms but that it was raining and the wind blowing so strongly that he sat in his pickup just northwest of the filling station and watched the canopy damage the trailer. Despite the fact that not even any signs were blown down in the immediate area nor other damages done by the wind, one of the canopies blew off its posts, hit the trailer, and rolled it over completely.

We believe the facts related, the exhibits shown and the other testimony related taken together show such grounds of negligence in appellant's construction of the canopies that were proximate causes of the damages as to justify the trial court's action. We do not deem it necessary to discuss separately each of the grounds of negligence alleged but consider it sufficient simply to say that more than one ground of negligence alleged was proven and that there was sufficient proof that such grounds of negligence were proximate causes of the damages. Appellant was fully informed both by observation and by statement of the witness Simmons of the weaknesses in the construction and still did nothing to securely anchor the canopies against winds such as were characteristic of West Texas. He offered no testimony whatever but contends the testimony shows the construction was by an independent contractor. There is not any evidence of probative force to justify such contention. The testimony shows Taylor bought the canopies and had paid for them at the time they were destroyed. According to Simmons's testimony, he mentioned that "the engineer claims they would stay" but such engineer is nowhere identified with testimony showing him an independent contractor or with an independent contractor situation. In any event, they were, from the testimony, appellant's canopies and had been paid for at the time they did the damage. We believe even if there had been an independent contractor at one time involved, where Taylor had accepted the work in a dangerous state and permitted it to remain so, and the injury resulted from its condition, he

would be responsible. T. J. Mansfield Const. Co. v. Gorsline et al., Tex.Com.App., 292 S.W. 187. Accordingly, the judgment of the trial court is in all things affirmed.