[Civ. No. 24794. Second Dist., Div. Two. · Feb. 7, 1961.]

LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, Appellant, v. SOUTHERN CALIFORNIA BUILDING AND LOAN ASSOCIATION et al., Respondents.

Harold W. Kennedy, County Counsel, Robert A. Von Esch, Jr., and Edward A. Nugent, Deputy County Counsel, for Appellant.

Gordon, Knapp, Gill & Hibbert and Joseph C. Gill for Respondents.

ASHBURN, J.—Action in eminent domain wherein respondents Lubin are real parties in interest. The taking is an easement, 18 feet wide, for the purpose of a covered storm drain. Pursuant to an order for possession R. A. Wattson Company, under contract with the Los Angeles County Flood Control District, performed the work which included excavation for the underground tube. The company drove into the ground 52 I-beams for the purpose of shoring the excavation; this

work was done within 4½ feet of the Lubin residence and the vibration seriously damaged it. An award of $5,470 severance damages was made. It does not clearly appear whether this was confined to the damage to the house, but it did include that item in some amount.

It was stipulated at the trial that the work done by the contractor was accepted and approved by the board of supervisors, that final payment was made to the contractor and that the work was done in accordance with the plans and specifications; however, they did not expressly cover the method of shoring the sides of the ditch or otherwise preserving natural support for the remaining land. There was no showing of negligence on the part of the contractor and no showing that the district's plans were inherently dangerous or otherwise defective.

■ The district, as appellant, initially contends that it is not liable for incidental damage resulting from private negligent acts of an independent contractor, citing 29 Corpus Juris Secundum, section 161, page 1029. Respondents having asserted that there was no showing of any negligence, appellant in reply says: "Appellant does not expect this Court to assume, nor does appellant assume, as necessary to its position, that it had affirmatively carried the burden of showing specific negligent acts of its independent contractor which occasioned the damages awarded respondents. . . . To the contrary, it is our understanding of the law that the burden of proof on the question of severance damage, both as to occurrence and amount, is upon the land owner."

This question of burden of proof becomes inconsequential in the case at bar for the stipulation above mentioned makes a case in favor of the landowner which, without more, must prevail. Respondent's property was directly invaded in the construction of the excavation for the storm drain. ■ But it is immaterial whether that was a direct or indirect invasion if damage to respondents' remaining parcel was the proximate result of the doing of a public work pursuant to condemnation and in accordance with the condemner's plans and specifications. In such case the condemning agency is liable under the damage provision of the Constitution (art. I, § 14) and this is true regardless of negligence on the part of a contractor who does the work for the condemner.

"We are of opinion that the right assured to the owner by this provision of the constitution is not restricted to the case

where he is entitled to recover as for a tort at common law. If he is consequently damaged by the work done, whether it is done carefully and with skill or not, he is still entitled to compensation for such damage under this provision. This provision was intended to assure compensation to the owner, as well where the damage is directly inflicted, or inflicted by want of care and skill, as where the damages are consequential, and for which damages he had no right of recovery at the common law." (*Reardon* v. *City & County of San Francisco*, 66 Cal. 492, 505 [6 P. 317, 56 Am.Rep. 109].)

■■■ *Heimann* v. *City of Los Angeles*, 30 Cal.2d 746, 756 [185 P.2d 597] : "The fact that the work was performed by the Works Progress Administration does not necessarily exonerate the city.

"Where a public improvement has been constructed and private property has been taken or damaged for a public use it is immaterial that the work of construction may have been done by a contractor. The public agency authorizing the work is the party to be held liable under the constitutional provision for damage resulting from the exercise of its power. If the public work is constructed according to the plans and specifications furnished by such public agency and upon completion is accepted by it, this is sufficient to fix liability. [Citations.] Or, as said in a recent case (*Veterans' Welfare Board* v. *City of Oakland*, 74 Cal.App.2d 818, 832 [169 P.2d 1000]) : 'If the contractor follows the plans and specifications furnished by the public agency, and damage results to the adjacent property, the public agency and not the contractor is liable. [Citations.] Whether the contractor followed the plans or specifications or not, if plaintiffs' constitutional rights have been adversely affected they are entitled to compensation from the public agency authorizing and supervising the work.' [Citations.]"

■■■ That presence or absence of negligence upon the part of the condemner is not of the essence is clearly established in this state where, as here, the alleged negligence pertains to initial construction of the improvement rather than maintenance of a completed work. (See *Reardon* v. *City & County of San Francisco*, 66 Cal. 492, 505 [6 P. 317, 56 Am.Rep. 109] ; *Clement* v. *State Reclamation Board*, 35 Cal.2d 628, 641 [220 P.2d 897] ; *Bauer* v. *County of Ventura*, 45 Cal.2d 276, 285-286 [289 P.2d 1] ; *Youngblood* v. *City of Los Angeles*, 160 Cal. App.2d 481, 487-488 [325 P.2d 587] ; *Ambrosini* v. *Alisal·*

*Sanitary Dist.,* 154 Cal.App.2d 720, 730 [317 P.2d 33].)
Moreover, as indicated by the Heimann and Veterans' Welfare
opinions quoted *supra,* it is immaterial that a contractor did
the work and through negligence inflicted the damage upon
the property owners' remaining land. In addition to the cases
just mentioned, see *Tyler* v. *Tehama County,* 109 Cal. 618, 626
[42 P. 240]; *Newman* v. *City of Alhambra,* 179 Cal. 42, 45
[175 P. 414]; *Perkins* v. *Blauth,* 163 Cal. 782, 789 [127 P. 50];
81 Corpus Juris Secundum, section 131, page 1145; 18 Ameri-
can Jurisprudence, section 382, pages 1026-1027.

On principle this is clear because the condemning agency is
charged with a nondelegable duty to protect the severed parcel
from damage and with a concurrent duty to pay for such
damage when inflicted. *Snyder* v. *Southern Calif. Edison Co.,*
44 Cal.2d 793, at 797 says [285 P.2d 912] : " 'The general rule
of nonliability of an employer for the acts of an independent
contractor is subject to numerous exceptions.' " At
page 800, quoting Harper, Law of Torts (1933), § 292 :
" 'Where the law imposes a definite, affirmative duty upon
one by reason of his relationship with others, whether as an
owner or proprietor of land or chattels or in some other
capacity, such persons can not escape liability for a failure to
perform the duty thus imposed by entrusting it to an inde-
pendent contractor. . . . It is immaterial whether the duty
thus regarded as "nondelegable" be imposed by statute,
charter or by common law.' "

*Perkins* v. *Blauth, supra,* 163 Cal. 782, 789, discussing the
general rule respecting liability of an employer for the tort
of an independent contractor, says: "The principles to be
deduced from the decisions in this state are that municipal
corporations are not liable for dereliction or remissness of
municipal officers or agents in the performance of public or
governmental functions of the city, or in the performance of
duties imposed upon those officers which are prescribed and
limited by express law; and when an injury results from the
wrongful act or omission of a municipal officer charged with
duty prescribed and limited by law, the doctrine of *respondeat
superior* is inapplicable. . . . If the injury results, however, not
from the wrongful plan or character of the work, but from
the negligent or improper manner in which it is performed,
the one so negligently acting will always be responsible; and
the public corporation may or may not be responsible, de-
pending upon the relationship which it may sustain to that

agent. [Citations.] One important principle, however, is to be noted in this connection. Wherever the injury complained of is the taking or damaging of private property for public use without compensation then under the guarantee of the federal constitution against such invasion of the private rights of property, neither the state itself nor any of its agencies or mandatories may claim exemption from liability.'' This quotation relegates to their proper place the cases cited by appellant (*O'Hale* v. *City of Sacramento,* 48 Cal. 212 and *Krause* v. *City of Sacramento,* 48 Cal. 221), which have nothing to do with eminent domain and involve only the question of liability for personal injuries.

▆▆▆ This duty to refrain from injury to the remainder parcel (without compensation) is closely related to the duty to preserve the lateral support of a neighbor's land (*cf.* Civ. Code, § 832; *Porter* v. *City of Los Angeles,* 182 Cal. 515, 520 [189 P. 105]). It is settled law that that is a nondelegable duty. (*Greene* v. *Berge,* 105 Cal. 52, 58 [38 P. 539]; *Wharam* v. *Investment Underwriters,* 58 Cal.App.2d 346, 351 [136 P.2d 363]; 23 A.L.R. 984, 985; 33 A.L.R.2d 115, 123, 131-135; 27 Am.Jur., § 38, p. 515.)

Other points made by counsel require no specific discussion. The judgment is clearly correct and is affirmed.

Fox, P. J., and McMurray, J. pro tem.,* concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 5, 1961.

---

*Assigned by Chairman of Judicial Council.